IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GARFIELD COUNTY, UTAH, a Utah political subdivision; KANE COUNTY, UTAH, a Utah political subdivision; and THE STATE OF UTAH, by and through its Governor, SPENCER J. COX, and its Attorney General, SEAN D. REYES;<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH R. BIDEN, JR., in his official capacity as President of the United States; DEBRA A. HAALAND, in her official capacity as Secretary of Interior; DEPARTMENT OF THE INTERIOR; TRACY STONE-MANNING, in her official capacity as Director of the Bureau of Land Management; BUREAU OF LAND MANAGEMENT; THOMAS J. VILSACK, in his official capacity as Secretary of Agriculture; DEPARTMENT OF AGRICULTURE; RANDY MOORE, in his official capacity as Chief of the United States Forest Service; and FOREST SERVICE,<br><br>Defendants. | **UNOPPOSED MOTION TO CONSOLIDATE CIVIL CASES 4:22-CV-59-DN AND 4:22-CV-60-DN**<br><br>Case No. 4:22-cv-00059-DN<br><br>District Judge David Nuffer |

Defendants move to consolidate the above-captioned action with *Dalton v. Biden*, Case No. 4:22-cv-60-DN-PK, pursuant to Federal Rule of Civil Procedure 42(a) and DUCivR 42-1. Plaintiffs in both actions state that they do not oppose consolidation. In support of this motion, Defendants state as follows:

**BACKGROUND**

These two suits concern the Grand Staircase-Escalante and Bears Ears National Monuments in southern Utah. President Clinton established the Grand Staircase-Escalante National Monument in 1996.[1] Although that monument originally consisted of approximately 1.7 million acres, Congress adjusted the monument boundaries on three occasions, ultimately increasing the Federal lands reserved for the monument by more than 180,000 acres.[2] President Obama established the Bears Ears National Monument in 2016, reserving approximately 1.35 million acres of Federal lands and interests.[3]

In December 2017, President Trump altered the boundaries for and conditions governing these monuments. He excluded approximately 860,000 acres of land from the Grand Staircase-Escalante National Monument.[4] And he modified the Bears Ears National Monument to exclude over 1.1 million acres of Federal lands, while adding approximately 11,200 new acres of Federal land.[5]

On October 8, 2021, President Biden issued Presidential Proclamations 10,285 and 10,286 regarding the Bears Ears and Grand Staircase-Escalante National Monuments, respectively.[6]

---

[1] Establishment of the Grand Staircase-Escalante National Monument, 61 Fed. Reg. 50,223 (Sept. 24, 1996).

[2] Grand Staircase-Escalante National Monument, 86 Fed. Reg. 57,335, 57,344 (Oct. 15, 2021) (citing Utah Schools and Lands Exchange Act of 1998, Public Law 105–335, 112 Stat. 3139; title II of Public Law 105–355, 112 Stat. 3247, 3252 (1998); and section 2604 of the Omnibus Public Land Management Act of 2009, Public Law 111–11, 123 Stat. 991, 1120).

[3] Establishment of the Bears Ears National Monument, 82 Fed. Reg. 1,139, 1,143 (Jan. 5, 2017).

[4] Modifying the Grand Staircase-Escalante National Monument, 82 Fed. Reg. 58,089, 58,093 (Dec. 8, 2017).

[5] Modifying the Bears Ears National Monument, 82 Fed. Reg. 58,081, 58,085 (Dec. 8, 2017).

[6] Bears Ears National Monument, 86 Fed. Reg. 57,321 (Oct. 15, 2021); Grand Staircase-Escalante National Monument, 86 Fed. Reg. 57,335 (Oct. 15, 2021).

President Biden restored the boundaries and conditions that existed in both monuments as of December 3, 2017 and retained the approximately 11,200 acres added to the Bears Ears National Monument by President Trump. In total, President Biden restored monument status to approximately two million acres of Federal lands.

Ten months later, two lawsuits were filed in this Court challenging President Biden's Proclamations. On August 24, 2022, Garfield County, Kane County, and the State of Utah filed suit, alleging that President Biden's Proclamations exceed the President's authority under the Antiquities Act of 1906.[7] On August 25, 2022, three individuals and an organization also filed suit, similarly contending that the same Proclamations violated the Antiquities Act.[8] Both suits allege that the challenged Proclamations designate ineligible objects as monuments[9] and reserve more land than is necessary for the proper care and management of the eligible objects.[10] And both suits seek similar declaratory and injunctive relief.[11] At present, Defendants' answer deadline in both cases is December 6, 2022.[12]

## LEGAL STANDARD

Rule 42(a) authorizes district courts to consolidate separate civil actions that "involve a common question of law or fact.[13] The decision whether to consolidate actions involving common

---

[7] Complaint (*Garfield* Complaint), Docket no. 2, filed August 24, 2022.

[8] Complaint (*Dalton* Complaint), Docket no. 2, *Dalton v. Biden*, Case No. 4:22-cv-60-DN, filed August 25, 2022.

[9] *E.g.*, *Garfield* Complaint ¶¶ 246–52 (alleging that landscapes and animals are ineligible); *Dalton* Complaint ¶ 3 (same).

[10] *E.g.*, *Garfield* Complaint ¶¶ 272–309 (alleging that too much land has been reserved to protect qualifying objects); *Dalton* Complaint ¶ 158 (relying on similar allegations).

[11] *Garfield* Complaint p.80; *Dalton* Complaint p.52.

[12] *Garfield* Docket no. 24, filed November 7, 2022; *Dalton* Docket no. 44, filed November 8, 2022.

[13] Fed. R. Civ. P. 42(a).

questions of law or fact is committed to the sound discretion of the district court.[14]  In the District of Utah, the consolidation motion "must be filed in the lower numbered case."[15]

"[C]onsolidation does not merge separate suits into one cause of action." [16] "[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another."[17]

## ARGUMENT

Consolidation is appropriate because both cases share common questions of law and a common nucleus of facts.  Both suits challenge President Biden's Proclamations concerning the Grand Staircase-Escalante and Bears Ears National Monuments.  Both suits allege that those Proclamations designate ineligible objects as monuments and reserve more land than allowed under the Antiquities Act of 1906.  And both suits seek similar declaratory and injunctive relief.

Consolidation furthers the interests of judicial economy and will simplify the disposition of these cases because scheduling and briefing may be coordinated, thereby avoiding duplication of effort by this Court and the parties.

Consolidation will not result in delay or cause undue prejudice to any party.  Both cases are already substantially aligned from a scheduling standpoint, with responses to Plaintiffs' complaints presently due on December 6, 2022.  (The only unique deadline is a November 30,

---

[14] *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).

[15] DUCivR 42-1(b).

[16] *Harris v. Ill.-Cal. Express*, 687 F.2d 1361, 1368 (10th Cir. 1982).

[17] *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933).

2022 deadline in *Dalton* to file an Attorney Planning Meeting Report and Proposed Scheduling Order;[18] the Court has not issued a similar order in the lower-numbered *Garfield* case.)

To the extent there may be distinctions between these two cases, Rule 42(a) "makes clear that one of multiple cases consolidated under the Rule retains its independent character … regardless of any ongoing proceedings in the other cases."[19]  Consolidation is merely an administrative device used for convenience to "accomplish[] those considerations of judicial economy and fairness."[20]

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their motion to consolidate *Dalton v. Biden*, Case No. 4:22-cv-60-DN-PK, with the earlier-filed *Garfield Cty. v. Biden*, Case No. 4:22-cv-00059-DN.

---

[18] *Dalton* Docket no. 44, filed November 8, 2022.

[19] *Hall v. Hall*, 138 S. Ct. 1118, 1121 (2018).

[20] *Harris*, 687 F.2d at 1368 (internal quotation marks omitted).

Dated: November 16, 2022                    Respectfully submitted,

                                                        TODD KIM
                                                       Assistant Attorney General
                                                       Environment & Natural Resources Division
                                                       U.S. Department of Justice

                                                       */s/ Michael S. Sawyer*
                                                       MICHAEL S. SAWYER
                                                       Senior Attorney, Natural Resources Section
                                                       Ben Franklin Station, P.O. Box 7611
                                                       Washington, D.C. 20044-7611
                                                       Telephone:     (202) 514-5273
                                                       Fax:                (202) 305-0506
                                                       Email:             michael.sawyer@usdoj.gov

                                                       *Counsel for Defendants*