Daniel Moquin, (UT No. 7585)
Navajo Nation Department of Justice
PO Box 2010
Window Rock AZ 86515
(928) 871-6210
dmoquin@nndoj.org
*Counsel for Applicant Navajo Nation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ZEBEDIAH GEORGE DALTON; BLUERIBBON COALITION; KYLE KIMMERLE; and SUZETTE RANEA MORRIS, <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH R. BIDEN, JR., in his official capacity as President of the United States; DEBRA A. HAALAND, in her official capacity as Secretary of Interior; DEPARTMENT OF THE INTERIOR; TRACY STONE-MANNING, in her official capacity as Director of the Bureau of Land Management; BUREAU OF LAND MANAGEMENT; THOMAS J. VILSACK, in his official capacity as Secretary of Agriculture; DEPARTMENT OF AGRICULTURE; RANDY MOORE, in his official capacity as Chief of the United States Forest Service; and UNITED STATES FOREST SERVICE, <br><br> Defendants, | **PROPOSED INTERVENORS' SECOND AMENDED RULE 24 MOTION TO INTERVENE** <br><br> Civil Action No. 4:22-cv-00060-DN <br><br> Judge David Nuffer |

Pursuant to Federal Rule of Civil Procedure ("FRCP") 24(a) and (b) the Hopi Tribe

("Hopi"), Navajo Nation, Ute Mountain Ute Tribe ("Ute Mountain Ute"), and Pueblo of Zuni

("Zuni") (together, "the Tribes"), all federally recognized tribes, respectfully move this Court to

intervene. The Tribes meet all the criteria to intervene as a matter of right, under Rule 24(a)(2) or, in the alternative, for permissive intervention under Rule 24(b)(1). The Tribes seek intervention in support of the defendants, President Joseph R. Biden, Jr., et al. ("United States") with respect to plaintiffs' claims regarding Bears Ears National Monument. Pursuant to FRCP 24(c) a proposed answer is attached as Exhibit A.

Undersigned counsel for the Tribes contacted counsel for the other parties with regard to this motion. The United States stated that it takes no position on the Tribes' motion to intervene. The Dalton et al. Plaintiffs stated they take no position on the motion to intervene, provided that the participation of intervenors does not delay resolution of this case.

## I.   FACTUAL BACKGROUND

For thousands of years, the tribal nations living in the southwest, including intervening Tribes, have cherished the Bears Ears National Monument ("Bears Ears") region and held it as a sacred place. *See generally* 2021 Bears Ears Proclamation, 86 FR 57321 (Oct. 15, 2021). To this day, the Tribes use the region for many purposes: collecting plants, minerals, and waters for religious and medicinal purposes; hunting, fishing, and gathering; conducting ceremonies; and making offerings at archaeological sites. *Id*. at 57323; *see also* 2016 Bears Ears Proclamation, 82 FR 1139-40 (Dec. 28, 2016). Indeed, some ceremonies use items that can *only* be harvested from Bears Ears. Bears Ears has long been and remains a home to the Tribes. *Id*.

Because of this importance, in 2015, the Bears Ears Inter-Tribal Coalition ("Bears Ears Coalition") was formed, which includes the Tribes here. The Coalition advocated for the Bears Ears region and the thousands of objects of unique historical, cultural, spiritual, and scientific importance therein to become a National Monument. 86 FR 57321. President Barack Obama recognized the importance of these objects, and on December 28, 2016, he established the Bears

Ears National Monument. 82 FR 1139. President Obama's Proclamation vested the Tribes with management responsibilities, calling for one representative from each Tribe to serve on the Bears Ears Commission ("Commission"), which was to provide expert guidance and recommendations in development of a land management plan for Bears Ears. *Id*. at 1144. The Commission was formed and began holding meetings in 2017 to initiate the land management plan process.

On December 4, 2017, President Trump purported to revoke President Obama's Bears Ears Proclamation. The Tribes brought a lawsuit under the Constitution and the Antiquities Act to challenge the revocation. *Hopi Tribe, et al. v. Trump*, Civil Action No. 17-2590 (TSC) (D.D.C.). The State of Utah intervened as a defendant. That action remains pending in the United States District Court for the District of Columbia.

On October 8, 2021, President Biden issued his own Bears Ears Proclamation ("Biden Proclamation"). The Tribes immediately got to work through the Bears Ears Commission—which the Biden Proclamation re-established, 86 FR 57332—in order to develop a land management plan in concert with federal agencies and officials. This time, however, the Tribes have been vested with an even greater role, as they entered into an unprecedented cooperative agreement with the federal government to manage the lands.[1]

The Plaintiffs named in the caption filed this suit seeking to overturn the Biden Proclamation. The Tribes ask that this Court grant them intervention in this matter as they have significant interests in the Biden Proclamation and the Bears Ears Monument. Because the Tribes

---

[1] Inter-Governmental Cooperative Agreement Between The Tribal Nations…and The United Stated Department of The Interior, Bureau of Land Management And The United States Department Of Agriculture, Forest Service For The Cooperative Management of The Federal Lands And Resources of The Bears Ears National Monument (2022) 3 https://www.blm.gov/sites/blm.gov/files/docs/2022-06/BearsEarsNationalMonumentInter-GovernmentalAgreement2022.pdf.

will necessarily be impacted by the outcome of this litigation, and because no party objects to the Tribes' intervention, the Tribes are entitled to intervention here.

## II.  ARGUMENT

### A.  The Tribes Are Entitled to Intervene as a Matter of Right.

Intervention as of right is governed by FRCP 24(a), which provides, in relevant part:

On timely motion, the court must permit anyone to intervene who:

. . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Under Rule 24(a)(2), an applicant must establish that: (1) its motion is timely; (2) it has an interest relating to the property or transaction at issue in the litigation; (3) without intervention, an adverse ruling may "as a practical matter" impair or impede that interest; and (4) its interest is not adequately represented by the existing parties. *Utah Ass'n of Cntys. v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001) (quoting *Coal. of Ariz./N.M. Cntys. v. Dep't of Interior*, 100 F.3d 837, 840 (10th Cir. 1996)). If an applicant meets each of these four requirements, then they "must" be allowed to intervene. Fed. R. Civ. P. or FRCP 24(a). The Tenth Circuit "has historically taken a liberal approach to intervention and thus favors the granting of motions to intervene." *Kane Cnty., Utah v. United States*, 928 F.3d 877, 890 (10th Cir. 2019); *Utah Ass'n of Cntys.*, 255 F.3d at 1249. In addition, "the requirements for intervention may be relaxed in cases raising significant public interests." *Id*. As demonstrated below, the Tribes satisfy all four of the factors required for intervention as of right under Rule 24(a)(2).

### 1.  The Tribes' Motion for Intervention is Timely.

The Tribes' Motion is timely. Timeliness is determined based on the totality of the circumstances. *Kane Cnty., Utah* 928 F.3d at 890-91. The Tribes have filed their motion just a few

months after the case was initially filed. Granting intervention would not prejudice the existing parties as there has been no answer filed, no discovery, and no scheduling conference. Nothing else about the timing of the Tribes' intervention will cause prejudice to the existing parties, and there are no unusual circumstances that would overcome the historically liberal approach of granting intervention.

### 2.   The Tribes Have Significant Protectable Interests in the Present Litigation.

Applicants are granted intervention when they "have an interest that could be adversely affected by the litigation." *Kane Cnty., Utah*, 928 F.3d at 891. The interest element has been described as "a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010). It is "indisputable" that an applicant's "environmental concern is a legally protectable interest." *WildEarth Guardians* 604 F.3d at 1198 The Tribes seeking to intervene here have multiple compelling and protectable interests in defending the Biden Proclamation that include and stretch beyond environmental concerns.

The importance of the Bears Ears region to the Tribes and their members cannot be overstated. The opening sentences of the Obama Proclamation describe the historical connections the Tribes have to the region and its unparalleled geographical, environmental, and cultural uniqueness. 82 FR 1139. The Biden Proclamation confirmed the Tribes' historical connections. 86 FR 57321. Bears Ears is the Tribes' ancient homeland, and it continues to be a homeland in significant cultural, spiritual, and livelihood respects.

The Tribes also have a "persistent record of advocacy" for Bears Ears under federal law, including securing its status as a National Monument. *Coal. of Arizona/New Mexico Cntys. for Stable Econ. Growth* at 841 (noting a record of advocacy amounts to a direct and substantial

interest). Indeed, the Biden Proclamation acknowledges the Tribes' advocacy efforts, noting that it was not until the Tribes "requested permanent protection from President Obama that Bears Ears National Monument became a reality." 86 FR 57321.

The Presidential proclamations at the heart of this case also establish the Tribes' direct stake as sovereigns via the establishment of the Commission. Both the Obama and Biden Proclamations recognized the Tribes' expert knowledge of the objects of importance in Bears Ears. 86 FR 57322; 82 FR 1139. The Obama Proclamation established a Commission through which the Tribes, as sovereign nations with a government-to-government relationship with the United States, were vested with authority to provide guidance and recommendations on management of their sacred lands and patrimony within the Monument. *Id*. at 1144. The Biden Proclamation restored the scope of the Commission to provide guidance and recommendations "of the entire monument." 86 FR 57332. However, the Biden Administration went a step further in June of this year by entering into a historic cooperative agreement with the Tribes.  Press Release, U.S. Department of the Interior, BLM, Forest Service and Five Tribes of the Bears Ears Commission Commit to Historic Co-management of Bears Ears National Monument (June 20, 2022), https://www.doi.gov/pressreleases/blm-forest-service-and-five-tribes-bears-ears-commission-commit-historic-co-management. The agreement to co-manage the Monument "enhanced Tribal engagement in management decisions" by fleshing out the scope of the Commissions' and agencies' cooperation and their respective commitments in much greater detail and substance than provided by the Biden Proclamation itself. Inter-Governmental Cooperative Agreement Between The Tribal Nations and…The United Stated Department of The Interior, Bureau Of Land Management And The United States Department of Agriculture, Forest Service For The

Cooperative Management of The Federal Lands And Resources of The Bears Ears National Monument (2022) 3,

https://www.blm.gov/sites/blm.gov/files/docs/2022-06/BearsEarsNationalMonumentInter-GovernmentalAgreement2022.pdf .

As can be seen, the Tribes have several unique protectable interests in Bears Ears grounded in their historical relationship with the region, their history of advocacy to secure protections for it, and their prerogatives in managing the monument through the Commission.

> **3.      The Tribes' Interests May, as a Practical Matter, Be Impaired by This Proceeding.**

Establishing the potential impairment of an interest "presents a minimal burden," and such an impairment may be "contingent upon the outcome of [ ] litigation," *Kane Cnty., Utah*, 928 F.3d at 891 (citations omitted). That standard is easily satisfied here, where the Plaintiffs seek to have the Monument declared invalid. This puts the Monument and the Commission—and all of its efforts thus far—in jeopardy. The result of a successful challenge would strip monument protection from many important historical and scientific objects as identified in the Biden Proclamation. It would likewise jeopardize the Tribes' government-to-government co-management role in stewarding the monument lands. There can be no question that the Tribes' interests may be impaired by the outcome of this litigation.

> **4.      The Existing Parties Do Not Adequately Represent the Tribes' Interests.**

The burden to establish inadequate representation is "minimal" and "[t]he possibility of divergence of interest need not be great in order to satisfy" it. *Western Energy Alliance v. Zinke*, 877 F.3d 1157, 1168 (10th Cir. 2017)  (internal citation and quotation marks omitted). Even where the federal government is representing the public interest, as here, another public entity may still

intervene. *Id.* After all, "[i]n litigating on behalf of the general public, the [federal] government is obligated to consider a broad spectrum of views, many of which may conflict with the particular interest of the would-be intervenor." *Id.* (quoting *Utah Ass'n of Cntys,* 255 F.3d at 1255-56). The Tribes' sovereign status only heightens this distinction; even if the Tribes and the federal government share similar goals in this litigation, the United States cannot adequately represent the Tribes' interests.

There is also a very real risk of a policy shift by the administration in this matter. *See Kane Cnty., Utah,* 928 F.3d at 892; *Utah Ass'n of Cntys,* 255 F.3d at 1255. This shift in policy has already been borne out with regard to Bears Ears, beginning when the Trump Administration purported to revoke the Obama Proclamation, and shifting again when the Biden Administration declared a new monument restoring protections to lands the federal government treated as excluded from the Monument during the Trump Administration. In *Western Energy Alliance*, the Tenth Circuit recognized a change in Administration as raising "the possibility of divergence of interest or a shift during litigation." 877 F.3d at 1169. (internal citations and quotation marks omitted).

The Tribes' pending lawsuit against the United States challenging the Trump Proclamation further shows that the Tribes' interests are *not* always squarely aligned with the federal government's views on the Monument and the Antiquities Act. In the other lawsuit, the federal government continues to defend the Trump proclamation as valid. Because of this, the arguments made and the remedies sought in this lawsuit may differ between the Tribes and the federal government. Accordingly, all four prongs of the test for intervention as of right are amply satisfied, and the Tribes are entitled to intervene here.

**B.      Alternatively, the Tribes Meet the Requirements for Permissive Intervention.**

In the event this Court finds that the Tribes have not established the requirements for intervention as of right, the Tribes respectfully request that this Court allow permissive intervention. "Upon timely motion, the court may permit anyone to intervene who…has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id*.

The Tribes seek to intervene in this case for the purpose of addressing the legal and factual issues raised by the Plaintiff regarding Bears Ears National Monument, as well as addressing any potential remedy as a result of the Court's conclusion. Thus, Rule 24(b)'s common question requirement is met. The second half of the permissive intervention test looks to timeliness and prejudice to the parties. As stated previously, the Tribes' motion is timely and unopposed, no prejudice will result from granting intervention, and the Tribes bring a perspective to the litigation distinct from that of the other parties on the common questions of law and fact

## CONCLUSION

For the reasons stated above, the Tribes respectfully request that their *Motion for Intervention* be granted.

RESPECTFULLY SUBMITTED this 22nd day of November 2022.

*/s/ Daniel Moquin*
Daniel Moquin, (UT No. 7585)
Paul Spruhan (*pro hac vice* forthcoming)
  *Assistant Attorney General*
Sage G. Metoxen (*pro hac vice* forthcoming)
Louis Mallette (*pro hac vice* forthcoming)
Navajo Nation Department of Justice
PO Box 2010
Window Rock AZ 86515

Phone: (928) 871-6210
dmoquin@nndoj.org
paspruhan@nndoj.org
smetoxen@nndoj.org

*Counsel for Applicant Navajo Nation*

Matthew L. Campbell (*pro hac vice* forthcoming)
Jason Searle (*pro hac vice* forthcoming)
Allison Neswood (*pro hac vice* forthcoming)
NATIVE AMERICAN RIGHTS FUND
1506 Broadway
Boulder, CO 80302
Phone: (303) 447-8760
Fax: (303) 443-7776
mcampbell@narf.org
searle@narf.org
neswood@narf.org

*Counsel for Applicants Hopi Tribe, Ute Mountain Ute Tribe, and Pueblo of Zuni*

David Mielke (*pro hac vice* forthcoming)
SONOSKY, CHAMBERS, SACHSE, MIELKE & BROWNELL, LLP
500 Marquette Avenue, NW, Suite 660
Albuquerque, NM 87102
Phone: (505) 247-0147
Email: dmielke@abqsonosky.com

Whitney A. Leonard (*pro hac vice* forthcoming)
SONOSKY, CHAMBERS, SACHSE, MILLER & MONKMAN, LLP
510 L Street, Suite 310
Anchorage, AK  99501
Phone: (907) 258-6377
Email : whitney@sonosky.net

*Counsel for Applicant Pueblo of Zuni*

Daniel Moquin, (UT No. 7585)
Navajo Nation Department of Justice
PO Box 2010
Window Rock AZ 86515
(928) 871-6210
dmoquin@nndoj.org
*Counsel for Proposed Intervenor-Defendant Navajo Nation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ZEBEDIAH GEORGE DALTON; BLUERIBBON COALITION; KYLE KIMMERLE; and SUZETTE RANEA MORRIS, <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH R. BIDEN, JR., in his official capacity as President of the United States; DEBRA A. HAALAND, in her official capacity as Secretary of Interior; DEPARTMENT OF THE INTERIOR; TRACY STONE-MANNING, in her official capacity as Director of the Bureau of Land Management; BUREAU OF LAND MANAGEMENT; THOMAS J. VILSACK, in his official capacity as Secretary of Agriculture; DEPARTMENT OF AGRICULTURE; RANDY MOORE, in his official capacity as Chief of the United States Forest Service; and UNITED STATES FOREST SERVICE, <br><br> Defendants, | **PROPOSED INTERVENOR-DEFENDANTS ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** <br><br> Civil Action No. 4:22-cv-00060-DN <br><br> Judge David Nuffer |

Proposed Intervenor-Defendants Hopi Tribe, Navajo Nation, Ute Mountain Ute Tribe, and Pueblo of Zuni (collectively, "Intervenor-Defendants") through their undersigned counsel, submit this Answer to the Complaint for Declaratory and Injunctive Relief, ECF No. 2 (the "Complaint") filed by Plaintiffs ZEBEDIAH GEORGE DALTON; BLUERIBBON COALITION; KYLE KIMMERLE; and SUZETTE RANEA MORRIS (collectively, "Plaintiffs"). Any use of the

1

Complaint's headings and numbered paragraphs in this Answer correspond to those set forth in the Complaint, and do not constitute an admission by Intervenor-Defendants of their relevancy or accuracy.

## GENERAL DENIAL

Intervenor-Defendants do not agree to or admit that paragraph headings are accurate, appropriate or substantiated. Intervenor-Defendants deny all allegations in the Complaint which have not otherwise been specifically admitted or denied herein.

1.      The allegations in Paragraph 1 constitute legal conclusions to which no response is required. The allegation in Paragraph 1 also references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 1 is denied.

2.      The allegations in Paragraph 2 constitute legal conclusions to which no response is required. The allegation in Paragraph 2 also references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 2 is denied.

3.      The allegations in the first, third, fourth and fifth sentences of Paragraph 3 constitute legal conclusions to which no response is required. To the extent a response is required, the first, third, fourth and fifth sentences of Paragraph 3 are denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the second sentence of Paragraph 3 and deny the same.

4.      The allegations in Paragraph 4 constitute legal conclusions to which no response is required. The allegation of the sixth sentence of Paragraph 4 is unduly vague and ambiguous, particularly the use of the term "Government" without limitation on which branch or branches of the Government, and therefore no response is required. To the extent a response is required,

**Exhibit A**
**Proposed Answer**
**002**

Paragraph 4 is denied.

5.    The allegations in Paragraph 5 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 5 is denied.

6.    The allegations in Paragraph 6 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 6 is denied.

7.    The allegations in Paragraph 7 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 7 is denied.

8.    The allegations in Paragraph 8 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 8 is denied.

9.    The allegations in the first sentence of Paragraph 9 constitute a legal conclusion to which no response is required. To the extent a response is required, the allegation in the first sentence of Paragraph 9 is denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 9 and deny the same.

10.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the first sentence of Paragraph 10 and deny the same. The allegations in the remainder of Paragraph 7 constitute legal conclusions to which no response is required. To the extent a response is required, the remainder of Paragraph 7 is denied.

11.    The allegations in Paragraph 11 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 11 is denied.

12.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 12 and deny the same.

13.    Intervenor-Defendants are without knowledge or information sufficient to form a

**Exhibit A**
**Proposed Answer**
**003**

belief as to the truth of the allegation in Paragraph 13 and deny the same.

14.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 14 and deny the same.

15.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 15 and deny the same.

16.    Intervenors-Defendants admit the first sentence in Paragraph 16.  The second sentence of Paragraph 16 is unduly vague and ambiguous, particularly the use of the word "expanding", and therefore no response is required. The second sentence of Paragraph 16 also suggests a legal conclusion to which no response is required. To the extent a response is required, the second sentence of Paragraph 16 is denied.

17.    Intervenor-Defendants admit Paragraph 17.

18.    Intervenor-Defendants admit Paragraph 18.

19.    Intervenor-Defendants admit Paragraph 19.

20.    Intervenor-Defendants admit Paragraph 20.

21.    Intervenor-Defendants admit Paragraph 21.

22.    Intervenor-Defendants admit Paragraph 22.

23.    Intervenor-Defendants admit Paragraph 23.

24.    Intervenor-Defendants admit Paragraph 24.

25.    The allegation in Paragraph 25 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 25 is denied.

26.    The allegation in Paragraph 26 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 26 is denied.

**Exhibit A**
**Proposed Answer**
**004**

27.     The allegations in Paragraph 27 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 27 is denied.

28.     The allegations in Paragraph 28 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 28 is denied.

29.     The allegation in Paragraph 29 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 29 is denied.

30.     The allegation in Paragraph 30 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 30 is denied.

31.     The allegation in Paragraph 31 references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 31 is denied.

32.     The allegation in Paragraph 32 references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 32 is denied.

33.     The allegation in Paragraph 33 references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 33 is denied.

34.     The allegation in Paragraph 34 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 34 is denied.

35.     The allegations in Paragraph 35 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 35 is denied.

36.     Intervenor-Defendants are without knowledge or information sufficient to form a

5

belief as to the truth of the allegations in Paragraph 36 and deny the same.

37.     The allegation in Paragraph 37 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 37 is denied.

38.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and deny the same.

39.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and deny the same.

40.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and deny the same.

41.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence of Paragraph 41 and deny the same. The remainder of the allegations in Paragraph 41 suggest legal conclusions to which no response is required. To the extent a response is required, the remainder of Paragraph 41 is denied.

42.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and deny the same.

43.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 43 and deny the same.

44.     The allegations in Paragraph 44 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 44 is denied.

45.     The allegations in Paragraph 45 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 45 is denied.

46.     Intervenor-Defendants are without knowledge or information sufficient to form a

**Exhibit A**
**Proposed Answer**
**006**

belief as to the truth of Paragraph 46 and deny the same.

47.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the first sentence of Paragraph 47 and deny the same. The allegations in the second and fifth sentences of Paragraph 47 constitute legal conclusions to which no response is required. To the extent a response is required, the second and fifth sentences of Paragraph 47 are denied. The allegations in the third and fourth sentences of Paragraph 47 are unduly vague and ambiguous, particularly the use of the word the "Government", with no reference to which branch or branches, and therefore no response is required. To the extent a response is required, the third and fourth sentences of Paragraph 47 are denied.

48.     The allegation in the first sentence of Paragraph 48 constitutes a legal conclusion to which no response is required. To the extent a response is required, the first sentence of Paragraph 48 is denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 48 and deny the same.

49.     The allegations in Paragraph 49 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 49 is denied.

50.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 50 and deny the same.

51.      Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 51 and deny the same.

52.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 52 and deny the same.

53.     Intervenor-Defendants are without knowledge or information sufficient to form a

belief as to the truth of Paragraph 53 and deny the same.

54.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 54 and deny the same.

55.     Intervenor-Defendants admit the first sentence of Paragraph 55. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the second sentence of Paragraph 55 and deny the same.

56.     The allegations in Paragraph 56 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 56 is denied.

57.     The allegations in Paragraph 57 suggest legal conclusions to which no response is required. To the extent a response is required, Paragraph 57 is denied.

58.     The first sentence of Paragraph 58 is unduly vague and ambiguous, particularly the use of the phrase "reinstating and even expanding", and therefore no response is required. The allegations in Paragraph 58 suggest legal conclusions to which no response is required. To the extent a response is required, Paragraph 58 is denied.

59.     The allegation in the first sentence of Paragraph 59 references a document that speaks for itself, and therefore does not require an answer. The allegations in the remainder of Paragraph 59 suggest legal conclusions to which no response is required. To the extent a response is required, Paragraph 59 is denied.

60.     The allegations in Paragraph 60 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 60 is denied.

61.     The allegations in Paragraph 61 reference a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 61 is

**Exhibit A**
**Proposed Answer**
**008**

denied.

62.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 62 and deny the same.

63.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 63 and deny the same.

64.     The allegations in Paragraph 64 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 64 is denied

65.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 65 and deny the same.

66.     The allegations in Paragraph 66 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 66 is denied.

67.     The first sentence of Paragraph 67 is unduly vague and ambiguous, particularly the use of the phrase "reestablished and expanded", and therefore no response is required. The allegations in Paragraph 67 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 67 is denied.

68.     The allegation in the first sentence of Paragraph 68 references a document that speaks for itself, and therefore does not require an answer. The allegations in the remainder of Paragraph 68 suggest legal conclusions to which no response is required. To the extent a response is required, Paragraph 68 is denied.

69.     The allegations in Paragraph 69 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 69 is denied.

70.     The allegations in Paragraph 70 reference a document that speaks for itself, and

**Exhibit A**
**Proposed Answer**
**009**

therefore does not require an answer. To the extent a response is required, Paragraph 70 is denied.

71.    The allegations in Paragraph 71 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 71 is denied.

72.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 72 and deny the same.

73.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 73 and deny the same.

74.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 74 and deny the same.

75.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 75 and deny the same.

76.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 76 and deny the same.

77.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the first sentence of Paragraph 77 and deny the same. The allegation in the second sentence of Paragraph 77 suggests a legal conclusion to which no response is required. To the extent a response is required, the second sentence of Paragraph 77 is denied.

78.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 78 and deny the same. The allegation in the first sentence of Paragraph 78 also suggests a legal conclusion to which no response is required. To the extent a response is required, Paragraph 78 is denied.

**Exhibit A**
**Proposed Answer**
**010**

79.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 79 and deny the same. The allegations in the sixth through ninth sentences of Paragraph 79 also suggest legal conclusions to which no response is required. To the extent a response is required, Paragraph 79 is denied.

80.     The allegation in Paragraph 80 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 80 is denied.

81.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 81 and deny the same.

82.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the first, second, fifth, and sixth sentences of Paragraph 82 and deny the same. The allegations in the remainder of Paragraph 82 suggest legal conclusions to which no response is required. To the extent a response is required, the remainder of Paragraph 82 is denied.

83.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 83 and deny the same.

84.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 84 and deny the same.

85.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 85 and deny the same.

86.     The allegations in the third and fourth sentences of Paragraph 86 suggest legal conclusions to which no response is required. To the extent a response is required, the third and fourth sentences of Paragraph 86 are denied. Intervenor-Defendants are without knowledge or

information sufficient to form a belief as to the truth of the remainder of Paragraph 86 and deny the same.

87.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the first sentence of Paragraph 87 and deny the same

88.    The allegation in the sixth sentence of Paragraph 88 suggests a legal conclusion to which no response is required. To the extent an answer is required, the sixth sentence of Paragraph 88 is denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 88 and deny the same.

89.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 89 and deny the same.

90.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 90 and deny the same.

91.    The allegations in Paragraph 91 suggest legal conclusions to which no response is required. To the extent a response is required, Paragraph 91 is denied.

92.    The first sentence of Paragraph 92 is unduly vague and ambiguous, particularly the use of the phrase "re-established and expanded", and therefore no response is required. The allegations in Paragraph 92 suggest legal conclusions to which no response is required. To the extent a response is required, Paragraph 92 is denied.

93.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the first sentence of Paragraph 93 and deny the same. The allegations in the second and third sentences of Paragraph 93 suggest legal conclusions to which no response is required. The allegation in the fourth sentence of Paragraph 93 references a document that

**Exhibit A**
**Proposed Answer**
**012**

speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 93 is denied.

94.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the first, second and third sentences of Paragraph 94 and deny the same. The fourth sentence of Paragraph 94 is unduly vague and ambiguous, particularly the use of the phrase "reincorporated into the re- expanded monument bounds", and therefore no response is required. To the extent a response is required, the fourth sentence of Paragraph 94 is denied.

95.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 95 and deny the same.

96.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 96 and deny the same.

97.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of 97 and deny the same. The allegations in Paragraph 97 also suggest legal conclusions to which no response is required. To the extent a response is required, Paragraph 97 is denied.

98.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 98 and deny the same.

99.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 99 and deny the same.

100.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 100 and deny the same.

101.     Intervenor-Defendants are without knowledge or information sufficient to form a

Exhibit A
Proposed Answer
013

belief as to the truth of Paragraph 101 and deny the same. The allegation in the fourth sentence of Paragraph 101 also suggests a legal conclusion to which no response is required. To the extent a response is required, Paragraph 101 is denied.

102.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 102 and deny the same.

103.    The allegations in Paragraph 103 suggest legal conclusions to which no response is required. The third sentence of Paragraph 103 is unduly vague and ambiguous, particularly the use of the word "expanded", and therefore no response is required. To the extent a response is required, Paragraph 103 is denied.

104.    The allegations in the first four sentences of Paragraph 104 suggest legal conclusions to which no response is required. To the extent a response is required, the first four sentences of Paragraph 104 are denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 104 and deny the same.

105.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 105 and deny the same. The allegations in Paragraph 105 also suggest legal conclusions to which no response is required. The third and fourth sentences of Paragraph 105 are unduly vague and ambiguous, particularly the use of the words "expanding" and "expand", and therefore no response is required. To the extent a response is required, Paragraph 105 is denied.

106.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 106 and deny the same. The allegations in Paragraph 106 also

**Exhibit A**
**Proposed Answer**
**014**

suggest legal conclusions to which no response is required. To the extent a response is required, Paragraph 106 is denied.

107.   The allegations in Paragraph 107 suggest legal conclusions to which no response is required. To the extent a response is required, Paragraph 107 is denied.

108.   Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 108 and deny the same.

109.   Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 109 and deny the same.

110.   Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 110 and deny the same.

111.   Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 111 and deny the same.

112.   Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 112 and deny the same.

113.   Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 113 and deny the same.

114.   Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 114 and deny the same.

115.   The allegations in Paragraph 115 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 115 is denied.

116.   The allegations in the first and second sentences of Paragraph 116 are unduly vague and ambiguous, particularly the use of the words "expanded" and "re-expanded", and

**Exhibit A**
**Proposed Answer**
**015**

therefore no response is required. To the extent a response is required, the first and second sentences of Paragraph 116 are denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 116 and deny the same.

117.   The fifth sentence of Paragraph 117 is unduly vague and ambiguous, particularly the use of the word "re-expanded", and therefore no response is required. To the extent a response is required, the fifth sentence of Paragraph 117 is denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 117 and deny the same.

118.   Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 118 and deny the same.

119.   The allegations in the second, third, and fourth sentences of Paragraph 119 reference a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, the second, third, and fifth sentences of Paragraph 119 are denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 119 and deny the same.

120.   Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 120 and deny the same.

121.   Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 121 and deny the same.

122.   The allegation in the sixth sentence of Paragraph 122 suggests a legal conclusion to which no response is required. To the extent a response is required, the sixth sentence of

Paragraph 122 is denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 122 and deny the same.

123.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 123 and deny the same.

124.    The allegation in the second sentence of Paragraph 124 suggests a legal conclusion to which no response is required. To the extent a response is required, the second sentence of Paragraph 124 is denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 124 and deny the same.

125.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 125 and deny the same.

126.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 126 and deny the same.

127.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 127 and deny the same.

128.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 128 and deny the same.

129.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 129 and deny the same.

130.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 130 and deny the same.

131.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 131 and deny the same.

**Exhibit A**
**Proposed Answer**
**017**

132.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 132 and deny the same.

133.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 133 and deny the same.

134.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 133 and deny the same.

135.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 135 and deny the same. The allegations in Paragraph 135 also suggest a legal conclusion to which no response is required. To the extent a response is required, Paragraph 135 is denied.

136.    The allegation in the first sentence of Paragraph 136 suggests a legal conclusion to which no response is required. To the extent a response is required, the first sentence of Paragraph 136 is denied.  Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 136 and deny the same.

137.    The allegations in Paragraph 137 suggest legal conclusions to which no response is required. To the extent a response is required, Paragraph 137 is denied.

138.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the first sentence of Paragraph 138 and deny the same. The allegation in the second sentence of Paragraph 138 references a document that speaks for itself, and therefore does not require an answer. The allegations in the third, fourth, and fifth sentences of Paragraph 138 suggest legal conclusions to which no response is required. To the extent a response is required, the second, third, fourth, and fifth sentences of Paragraph 138 are denied.

**Exhibit A**
**Proposed Answer**
**018**

139.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the first, second, and fourth sentences of Paragraph 139 and deny the same. The allegation in the third sentence in Paragraph 139 references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, the third sentence of Paragraph 139 is denied.

140.    The allegation in the first sentence of Paragraph 140 suggests a legal conclusion to which no response is required. To the extent a response is required, the first sentence of Paragraph 140 is denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 140 and deny the same.

141.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 141 and deny the same.

142.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 142 and deny the same.

143.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 143 and deny the same.

144.    The first sentence of Paragraph 144 is unduly vague and ambiguous, particularly the use of the term "expanded borders", and therefore no response is required. To the extent a response is required, the first sentence of Paragraph 144 is denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 144 and deny the same.

145.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 145 and deny the same.

146.   Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 146 and deny the same.

147.   Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 147 and deny the same.

148.   The allegations in Paragraph 148 suggest legal conclusions to which no response is required. To the extent a response is required, Paragraph 148 is denied.

149.   Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the first, fourth and fifth sentences of Paragraph 149 and deny the same. The allegations in the second and third sentences of Paragraph 149 constitute legal conclusions to which no response is required. To the extent a response is required, the second and third sentences of Paragraph 149 are denied.

150.   The allegation in the first sentence of Paragraph 150 suggests a legal conclusion to which no response is required. To the extent a response is required, the first sentence of Paragraph 150 is denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 150 and deny the same.

151.   Intervenor-Defendants incorporate by reference all previous paragraphs as if fully set forth herein.

152.   The allegations in Paragraph 152 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 152 is denied.

153.   The allegations in Paragraph 153 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 153 is denied.

154.   The allegations in Paragraph 154 constitute legal conclusions to which no

**Exhibit A**
**Proposed Answer**
**020**

response is required. To the extent a response is required, Paragraph 154 is denied.

155.   The allegations in Paragraph 155 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 155 is denied.

156.   The allegations in Paragraph 156 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 156 is denied.

157.   The allegations in Paragraph 157 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 157 is denied.

158.   The allegations in Paragraph 158 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 158 is denied.

159.   The allegations in Paragraph 159 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 159 is denied.

160.   The allegation in Paragraph 160 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 160 is denied.

## AFFIRMATIVE DEFENSES

1. Plaintiffs lack Article III standing to establish subject-matter jurisdiction.

2. Plaintiffs otherwise fail to establish this Court's subject-matter jurisdiction to award Plaintiffs some or all of the relief requested in their Complaint.

3. Plaintiffs have failed to state any claim upon which relief can be granted.

Dated: November 22, 2022

Respectfully submitted,

*/s/ Daniel Moquin*
Daniel Moquin, (UT No. 7585)
Paul Spruhan (*pro hac vice* forthcoming)
 *Assistant Attorney General*

**Exhibit A**
**Proposed Answer**
**021**

Sage G. Metoxen (*pro hac vice* forthcoming)
Louis Mallette (*pro hac vice* forthcoming)
Navajo Nation Department of Justice
PO Box 2010
Window Rock AZ 86515
(928) 871-6210
dmoquin@nndoj.org
paspruhan@nndoj.org
smetoxen@nndoj.org

*Counsel for Proposed Intervenor-Defendant Navajo Nation*

Matthew L. Campbell (*pro hac vice* forthcoming)
Jason Searle (*pro hac vice* forthcoming)
Allison Neswood (*pro hac vice* forthcoming)
NATIVE AMERICAN RIGHTS FUND
1506 Broadway
Boulder, CO 80302
Phone: (303) 447-8760
Fax: (303) 443-7776
mcampbell@narf.org
searle@narf.org
neswood@narf.org

*Counsel for Proposed Intervenor-Defendant Hopi Tribe, Ute Mountain
Ute Tribe, and Pueblo of Zuni*

David Mielke (*pro hac vice* forthcoming)
SONOSKY, CHAMBERS, SACHSE, MIELKE & BROWNELL, LLP
500 Marquette Avenue, NW, Suite 660
Albuquerque, NM 87102
Phone: (505) 247-0147
Email: dmielke@abqsonosky.com

Whitney A. Leonard (*pro hac vice* forthcoming)
SONOSKY, CHAMBERS, SACHSE, MILLER & MONKMAN, LLP
510 L Street, Suite 310
Anchorage, AK  99501
Phone: (907) 258-6377
Email : whitney@sonosky.net

*Counsel for Applicant Pueblo of Zuni*

**Exhibit A**
**Proposed Answer**
**022**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ZEBEDIAH GEORGE DALTON; BLUERIBBON COALITION; KYLE KIMMERLE; and SUZETTE RANEA MORRIS, <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH R. BIDEN, JR., in his official capacity as President of the United States; DEBRA A. HAALAND, in her official capacity as Secretary of Interior; DEPARTMENT OF THE INTERIOR; TRACY STONE-MANNING, in her official capacity as Director of the Bureau of Land Management; BUREAU OF LAND MANAGEMENT; THOMAS J. VILSACK, in his official capacity as Secretary of Agriculture; DEPARTMENT OF AGRICULTURE; RANDY MOORE, in his official capacity as Chief of the United States Forest Service; and UNITED STATES FOREST SERVICE, <br><br> Defendant. | **ORDER GRANTING MOTION TO INTERVENE** <br><br> Case No.  4:22-CV-00060-DN <br><br> District Judge David Nuffer |

This matter comes before the Court upon Navajo Nation, et al's Motion to Intervene as Defendants in Case No. 4:22-cv-00060 (DN). Having reviewed the motion, the Court finds that there is good cause to GRANT the motion. The Navajo Nation, Hopi Tribe, Ute Mountain Ute Tribe, and the Pueblo of Zuni shall be parties to the case as Intevernor-Defendants.

Signed this ____ day of _____, 20____.

BY THE COURT

_____

Judge David Nuffer
United States District Judge