Daniel Moquin, (UT No. 7585)
Navajo Nation Department of Justice
PO Box 2010
Window Rock AZ 86515
(928) 871-6210
dmoquin@nndoj.org
*Counsel for Proposed Intervenor-Defendant Navajo Nation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GARFIELD COUNTY, UTAH, a Utah political subdivision; KANE COUNTY, UTAH, a Utah political subdivision; and THE STATE OF UTAH, by and through its Governor, SPENCER J. COX, and its Attorney General, SEAN D. REYES; <br><br> Plaintiffs, <br><br> ZEBEDIAH GEORGE DALTON; BLUERIBBON COALITION; KYLE KIMMERLE; and SUZETTE RANEA MORRIS; <br><br> Consolidated Plas, <br><br> v. <br><br> JOSEPH R. BIDEN, JR., in his official capacity as President of the United States; DEBRA A. HAALAND, in her official capacity as Secretary of Interior; DEPARTMENT OF THE INTERIOR; TRACY STONE-MANNING, in her official capacity as Director of the Bureau of Land Management; BUREAU OF LAND MANAGEMENT; THOMAS J. VILSACK, in his official capacity as Secretary of Agriculture; DEPARTMENT OF AGRICULTURE; RANDY MOORE, in his official capacity as Chief of the United States Forest Service; and UNITED STATES FOREST SERVICE, <br><br> Defendants. | **INTERVENOR DEFENDANT'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - GARFIELD COUNTY ET AL.** <br><br><br> Case No. 4:22-cv-00059-DN-PK (lead case) <br> Case No. 4:22-cv-00060-DN-PK <br><br> District Judge David Nuffer <br> Magistrate Judge Paul Kohler |

Proposed Intervenor-Defendants Hopi Tribe, Navajo Nation, Ute Mountain Ute Tribe, and Pueblo of Zuni (collectively, "Intervenor-Defendants") through their undersigned counsel, submit this Answer to the Complaint for Declaratory and Injunctive Relief, ECF No. 2 (the "Complaint") filed by Plaintiffs Garfield County, Utah, Kane County, Utah and the State of Utah by and through its Governor, Spencer J. Cox and its Attorney General, Sean D. Reyes (collectively, "Plaintiffs"). Any use of the Complaint's headings and numbered paragraphs in this Answer correspond to those set forth in the Complaint, and do not constitute an admission by Intervenor-Defendants of their relevancy or accuracy.

## GENERAL DENIAL

Intervenor-Defendants do not agree to or admit that paragraph headings are accurate, appropriate, or substantiated. Intervenor-Defendants deny all allegations in the Complaint that have not otherwise been specifically admitted or denied herein.

1.      Paragraph 1 characterizes the Complaint to which no response is required.

2.      The allegations in the first sentence of Paragraph 2 constitute a legal conclusion to which no response is required. To the extent a response is required, the first sentence of Paragraph 2 is denied. The allegation in the second sentence of Paragraph 2 is unduly vague and ambiguous, particularly the use of the word "reservation", and therefore no response is required. To the extent a response is required, the second sentence of Paragraph 2 is denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 2 and deny the same.

3.      The allegation in Paragraph 3 constitutes a legal conclusion to which no response is required. The allegation in Paragraph 3 is unduly vague and ambiguous, particularly the use

of the word "reservation", and therefore no response is required. To the extent a response is required, Paragraph 3 is denied.

4.      The allegation in Paragraph 4 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 4 is denied.

5.      The allegations in Paragraph 5 constitute legal conclusions to which no response is required.  To the extent a response is required, Paragraph 5 is denied.

6.      The allegation in Paragraph 6 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 6 is denied.

7.      The allegation in Paragraph 7 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 7 is denied.

8.      The allegation in Paragraph 8 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 8 is denied.

9.      The allegation in Paragraph 9 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 9 is denied.

10.      The allegation in Paragraph 10 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 10 is denied.

11.      The allegation in Paragraph 11 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 11 is denied.

12.      The allegation in Paragraph 12 is unduly vague and ambiguous, particularly the use of the word "reservation", and therefore no response is required. The allegation in Paragraph 12 also references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 12 is denied. Intervenor-Defendants are without

knowledge or information sufficient to form a belief as to the truth of all or part of Paragraph 12 and deny the same.

13. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of all or part of Paragraph 13 and deny the same. The allegation of Paragraph 13 is unduly vague and ambiguous, particularly the use of the word "reservation", and therefore no response is required. To the extent a response is required, Paragraph 13 is denied.

14. Intervenor-Defendants deny Paragraph 14.

15. The allegations in the first and second sentences of Paragraph 15 constitute legal conclusions to which no response is required. The allegations in each of the sentences of Paragraph 15 are also unduly vague and ambiguous, particularly the use of the word "reservation", and therefore no response is required. To the extent a response is required, Paragraph 15 is denied. Intervenor-Defendants are also without knowledge or information sufficient to form a belief as to the truth of all or part of Paragraph 15 and deny the same.

16. The allegations in Paragraph 16 constitute legal conclusions to which no response is required. The allegations of the first and third sentences of Paragraph 16 are also unduly vague and ambiguous, particularly the use of the word "reservation", and therefore no response is required. To the extent a response is required, Paragraph 16 is denied.

17. The allegations of Paragraph 17 are unduly vague and ambiguous, particularly the use of the word "reservation", and therefore no response is required. Intervenor-Defendants are also without knowledge or information sufficient to form a belief as to the truth of all or part of Paragraph 17. To the extent a response is required, Paragraph 17 is denied.

18.     The allegation in Paragraph 18 constitutes a legal conclusion to which no response is required. The allegation of Paragraph 18 is also unduly vague and ambiguous, particularly the use of the word "reservation", and therefore no response is required. To the extent a response is required, Paragraph 18 is denied.

19.     The allegation in Paragraph 19 constitutes a legal conclusion to which no response is required. The allegation of Paragraph 19 is also unduly vague and ambiguous, particularly the use of the word "reservation", and therefore no response is required. To the extent a response is required Paragraph 19 is denied.

20.     The allegation in Paragraph 20 constitutes a legal conclusion to which no response is required. The allegation of Paragraph 20 is also unduly vague and ambiguous, particularly the use of the word "reservation", and therefore no response is required. To the extent a response is required, Paragraph 20 is denied.

21.     The allegations in Paragraph 21 constitute legal conclusions to which no response is required. The allegations of Paragraph 21 are also unduly vague and ambiguous, particularly the use of the word "reservation", and therefore no response is required. To the extent a response is required, Paragraph 21 is denied. Intervenor-Defendants are also without knowledge or information sufficient to form a belief as to the truth of all or part of Paragraph 21 and deny the same.

22.     The first sentence of Paragraph 22 constitutes a legal conclusion to which no response is required. The allegations of Paragraph 22 are also unduly vague and ambiguous, particularly the use of the word "reservation", and therefore no response is required. To the extent a response is required, the first sentence of Paragraph 22 is denied. Intervenor-Defendants are

also without knowledge or information sufficient to form a belief as to the truth of all or part of Paragraph 22 and deny the same.

23.     The first sentence of Paragraph 23 constitutes a legal conclusion to which no response is required. To the extent a response is required, the first sentence of Paragraph 23 is denied. The allegations of Paragraph 23 are also unduly vague and ambiguous, particularly the use of the word "reservation", and therefore no response is required. Intervenor-Defendants are also without knowledge or information sufficient to form a belief as to the truth of all or part of Paragraph 23 and deny the same.

24.     The allegation in Paragraph 24 constitutes legal conclusions to which no response is required. To the extent a response is required, Paragraph 24 is denied.

25.     The allegations in Paragraph 25 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 25 is denied.

26.     The allegation in Paragraph 26 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 26 is denied.

27.     Intervenor-Defendants admit the first, second, third, and fifth sentences of Paragraph 27. The allegation in the fourth sentence of Paragraph 27 constitutes a legal conclusion to which no response is required. To the extent a response is required, the fourth sentence of Paragraph 27 is denied.

28.     Intervenor-Defendants admit Paragraph 28.

29.     Intervenor-Defendants admit Paragraph 29.

30.     Intervenor-Defendants admit the part of the first sentence stating that Defendant Joseph R. Biden, Jr. is the President of the United States. Whether President Biden is sued in his

official capacity as stated in the latter part of the first sentence is a legal conclusion to which no response is required. To the extent a response is required, the remainder of Paragraph 30 is denied.

31.     Intervenor-Defendants admit the first sentence of Paragraph 31. The second sentence of Paragraph 31 constitutes a legal conclusion to which no response is required. To the extent a response is required, the second sentence of Paragraph 31 is denied.

32.     Intervenor-Defendants admit Paragraph 32.

33.     Intervenor-Defendants admit the first sentence of Paragraph 33. The second sentence of Paragraph 33 constitutes a legal conclusion to which no response is required. To the extent a response is required, the second sentence of Paragraph 33 is denied.

34.     Intervenor-Defendants admit Paragraph 34.

35.     Intervenor-Defendants admit the first sentence of Paragraph 35. Whether Secretary Vilsack is sued in his official capacity as stated in the second sentence of Paragraph 35 constitutes a legal conclusion to which no response is required. To the extent a response is required, the second sentence of Paragraph 35 is denied.

36.     Intervenor-Defendants admit Paragraph 36.

37.     Intervenor-Defendants admit the first sentence of Paragraph 37. The second sentence of Paragraph 37 constitutes a legal conclusion to which no response is required. To the extent a response is required, the second sentence of Paragraph 37 is denied.

38.     Intervenor-Defendants admit Paragraph 38.

39.     The allegations in Paragraph 39 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 39 is denied.

40.     The allegations in Paragraph 40 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 40 is denied.

41.     The allegations in Paragraph 40 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 40 is denied.

42.     The allegations in Paragraph 42 constitute legal conclusions to which no response is required.  To the extent a response is required, Paragraph 42 is denied.

43.     The allegation of Paragraph 43 is unduly vague and ambiguous, its subject making reference to a general unarticulated group, "statements", and therefore no response is required. To the extent a response is required, Paragraph 43 is denied. Intervenor-Defendants are also without knowledge or information sufficient to form a belief as to the truth of all or part of Paragraph 43 and deny the same.

44.     Paragraph 44 references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 44 is denied. Intervenor-Defendants are also without knowledge or information sufficient to form a belief as to the truth of all or part of Paragraph 44 and deny the same

45.     Paragraph 45 references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 45 is denied.

46.     Paragraph 46 references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 46 is denied.

47.     Paragraph 47 references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 47 is denied.

48.     Intervenor-Defendants are without knowledge or information sufficient to form

a belief as to the truth of Paragraph 48 and deny the same. Paragraph 48 also references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 48 is denied.

49.     Paragraph 49 references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 49 is denied.

50.     Paragraph 50 references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 50 is denied.

51.     Paragraph 51 references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 51 is denied.

52.     Paragraph 52 references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 52 is denied.

53.     Paragraph 53 references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 53 is denied.

54.     The allegation in Paragraph 54 constitutes a legal conclusion to which no response is required.  To the extent a response is required, Paragraph 54 is denied.

55.     The allegation in Paragraph 55 constitutes a legal conclusion to which no response is required.  Paragraph 55 also references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 55 is denied.

56.     Paragraph 56 references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 56 is denied.

57.     The allegation in Paragraph 57 constitutes a legal conclusion to which no response is required.  Paragraph 57 also references a document that speaks for itself, and therefore does

not require an answer. To the extent a response is required, Paragraph 57 is denied.

58.    Paragraph 58 references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 58 is denied. The second and third sentences of Paragraph 58 also suggest legal conclusions to which no response is required. To the extent a response is required, the second and third sentences of Paragraph 58 are denied.

59.    The allegation in Paragraph 59 constitutes a legal conclusion to which no response is required.  To the extent a response is required, Paragraph 59 is denied.

60.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 60 and deny the same. The allegations of Paragraph 60 also suggest a legal conclusion to which no response is required. To the extent a response is required, Paragraph 60 is denied. Paragraph 60 also appears to reference a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 60 is denied.

61.    The allegations in Paragraph 61 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 61 is denied.

62.    The-allegation in Paragraph 62 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 62 is denied.

63.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 63 and deny the same. The-allegation in Paragraph 63 also constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 63 is denied.

64.    Paragraph 64 references a document that speaks for itself, and therefore does not

require an answer. The allegation of Paragraph 64 also suggests a legal conclusion to which no response is required. To the extent a response is required, Paragraph 64 is denied.

65.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of all or part of Paragraph 65 and deny the same. Paragraph 65 also appears to reference a document that speaks for itself, and therefore does not require an answer. The allegation of Paragraph 65 also suggests a legal conclusion to which no response is required. To the extent a response is required, Paragraph 65 is denied.

66.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 66 and deny the same. The allegations of Paragraph 66 also suggest legal conclusions to which no response is required. Paragraph 66 also references documents that speak for themselves, and therefore does not require an answer. To the extent a response is required, Paragraph 66 is denied.

67.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 67 and deny the same. Paragraph 67 also references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 67 is denied.

68.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 68 and deny the same. The allegations of Paragraph 68 also suggest legal conclusions to which no response is required. Paragraph 68 also references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 68 is denied.

69.    Intervenor-Defendants are without knowledge or information sufficient to form a

belief as to the truth of Paragraph 69 and deny the same. Paragraph 69 also references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 69 is denied.

70.   Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 70 and deny the same. Paragraph 70 also references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 70 is denied.

71.   Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 71 and deny the same. The allegations of Paragraph 71 also suggest legal conclusions to which no response is required. Paragraph 71 also references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 71 is denied.

72.   Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 72 and deny the same. Paragraph 72 also references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 72 is denied.

73.   The allegations in Paragraph 73 constitute legal conclusions to which no response is required.  To the extent a response is required, Paragraph 73 is denied.

74.   The allegations in Paragraph 74 constitute legal conclusions to which no response is required.  To the extent a response is required, Paragraph 74 is denied.

75.   The allegations in Paragraph 75 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 75 is denied.

76.     The allegation in Paragraph 76 constitutes a legal conclusion to which no response is required.  To the extent a response is required, Paragraph 76 is denied.

77.     The allegation in Paragraph 77 constitutes a legal conclusion to which no response is required.  To the extent a response is required, Paragraph 77 is denied.

78.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of all or part of Paragraph 78 and deny the same.

79.     The allegations of Paragraph 79 constitute legal conclusions to which no response is required. Paragraph 79 also references documents that speaks for themselves, and therefore does not require an answer. To the extent a response is required, Paragraph 79 is denied.

80.     The allegations of Paragraph 80 constitute legal conclusions to which no response is required. Paragraph 80 also references documents that speaks for themselves, and therefore does not require an answer. To the extent a response is required, Paragraph 80 is denied.

81.     The allegations of Paragraph 81 constitute legal conclusions to which no response is required. Paragraph 81 also references documents that speaks for themselves, and therefore does not require an answer. To the extent a response is required, Paragraph 81 is denied.

82.     The allegation in Paragraph 82 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 82 is denied.

83.     The allegations in Paragraph 83 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 83 is denied.

84.     The allegation of Paragraph 84 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 84 is denied.

85.     The allegations in Paragraph 85 constitute legal conclusions to which no response is required. Paragraph 85 also references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 85 is denied.

86.     The allegation in Paragraph 86 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 86 is denied.

87.     The allegation in Paragraph 87 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 87 is denied.

88.     The allegation in Paragraph 88 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 88 is denied.

89.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 89 and deny the same.

90.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 90 and deny the same.

91.     Paragraph 91 references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 91 is denied.

92.     The allegation of Paragraph 92 is unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. To the extent a response is required, Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 92 and deny the same.

93.     The allegation in Paragraph 93 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 93 is denied.

94.     Paragraph 94 references a document that speaks for itself, and therefore does not require an answer. Paragraph 94 also suggests a legal conclusion to which no response is required. To the extent a response is required, Paragraph 94 is denied.

95.     Paragraph 95 references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 95 is denied.

96.     The allegation in Paragraph 96 constitutes a legal conclusion to which no response is required. The allegation of Paragraph 96 is also unduly vague and ambiguous, particularly the use of the phrase "the Reservation Provision's smallest-area-compatible limit", and therefore no response is required. The allegation in Paragraph 96 also references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 96 is denied.

97.     The allegation in Paragraph 97 constitutes a legal conclusion to which no response is required. The allegation in Paragraph 97 also references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 97 is denied.

98.     The allegation in Paragraph 98 constitutes a legal conclusion to which no response is required. The allegation in Paragraph 98 also references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 98 is denied.

99.     Intervenor-Defendants are without knowledge or information sufficient to form

a belief as to the truth of all or part of Paragraph 99 and deny the same. The allegation in Paragraph 99 also references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 99 is denied.

100.    The allegation of Paragraph 100 is unduly vague and ambiguous, particularly the use of the word "reservation", and therefore no response is required. The allegation in Paragraph 100 also constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 100 is denied.

101.    The allegation of Paragraph 101 is unduly vague and ambiguous, particularly the use of the word "reservation", and therefore no response is required. To the extent a response is required, Paragraph 101 is denied. Intervenor-Defendants are also without knowledge or information sufficient to form a belief as to the truth of all or part of Paragraph 101 and deny the same.

102.    The allegation in Paragraph 102 constitutes a legal conclusion to which no response is required. The allegation in Paragraph 102 also references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 102 is denied.

103.    The allegations in Paragraph 103 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 103 is denied.

104.    The allegation of Paragraph 104 is unduly vague and ambiguous, particularly the use of the phrase "the initial reservation", and therefore no response is required. To the extent a response is required, Paragraph 104 is denied.

105.    The allegations in Paragraph 105 constitute legal conclusions to which no

response is required. The allegation in Paragraph 105 also references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 105 is denied.

106.     Intervenor-Defendants admit Paragraph 106.

107.     The allegation of Paragraph 107 is unduly vague and ambiguous, particularly the use of the term "initial reservation", and therefore no response is required. The allegation in Paragraph 107 also references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 107 is denied.

108.     The allegations in Paragraph 108 constitute legal conclusions to which no response is required. The allegations in Paragraph 108 also reference a document that speaks for itself, and therefore do not require an answer. To the extent a response is required, Paragraph 108 is denied.

109.     The allegation in Paragraph 109 references a document that speaks for itself, and therefore does not require an answer. The allegations of Paragraph 109 are unduly vague and ambiguous, particularly the use of the term "the reservation", and therefore no response is required. To the extent a response is required, Paragraph 109 is denied.

110.     The allegation of Paragraph 110 is unduly vague and ambiguous, particularly the use of the term "land reservation", and therefore no response is required. To the extent a response is required, Paragraph 93 is denied.

111.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 111 and deny the same.

112.     The allegations of Paragraph 112 are unduly vague and ambiguous, particularly

the use of the term "presidential reservations", and therefore no response is required. To the extent a response is required, Paragraph 112 is denied. Intervenor-Defendants are also without knowledge or information sufficient to form a belief as to the truth of Paragraph 112 and deny the same.

113.    The allegations of Paragraph 113 are unduly vague and ambiguous, particularly the use of the term "[t]he reservations", and therefore no response is required. To the extent a response is required, Paragraph 113 is denied. Intervenor-Defendants are also without knowledge or information sufficient to form a belief as to the truth of all or part of Paragraph 113 and deny the same.

114.    The allegations of Paragraph 114 are unduly vague and ambiguous, particularly the use of the term "the reservations", and therefore no response is required. The allegation in Paragraph 114 also references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 114 is denied.

115.    The allegation in Paragraph 115 references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 115 is denied. The allegations of Paragraph 115 are unduly vague and ambiguous, particularly the use of the term "the reservations" and "[t]he Grand Staircase-Escalante reservation", and therefore no response is required. To the extent a response is required, Paragraph 115 is denied.

116.    The allegation in Paragraph 116 references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 116 is denied.

117.    The allegation in Paragraph 117 also references a document that speaks for itself,

and therefore does not require an answer. To the extent a response is required, Paragraph 117 is denied.

118.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 118 and deny the same.

119.    The allegation in Paragraph 119 constitutes a legal conclusion to which no response is required. The allegation in Paragraph 119 also references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 119 is denied.

120.    The allegation in Paragraph 120 references a document that speaks for itself, and therefore does not require an answer. Paragraph 120 also suggests a legal conclusion to which no response is required. To the extent a response is required, Paragraph 120 is denied.

121.    The allegation in Paragraph 121 references a document that speaks for itself, and therefore does not require an answer. Paragraph 121 also suggests a legal conclusion to which no response is required. To the extent a response is required, Paragraph 121 is denied.

122.    The allegations in Paragraph 122 constitute legal conclusions to which no response is required. The allegation in the second sentence of Paragraph 122 is unduly vague and ambiguous, particularly the use of the term "freed up", and therefore no response is required. To the extent a response is required, Paragraph 122 is denied.

123.    The allegation in Paragraph 123 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 123 is denied.

124.    The allegation in Paragraph 124 constitutes a legal conclusion to which no response is required. The allegation in Paragraph 124 also references a document that speaks

for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 124 is denied.

125.   Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 125 and deny the same.

126.   The allegation of Paragraph 126 is unduly vague and ambiguous, particularly the use of the term "the reservations", and therefore no response is required. To the extent a response is required, Paragraph 126 is denied. Intervenor-Defendants are also without knowledge or information sufficient to form a belief as to the truth of Paragraph 126 and deny the same.

127.   The allegation of Paragraph 127 is unduly vague and ambiguous, particularly the use of the word "[i]t", and therefore no response is required. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 127 and deny the same. To the extent a response is required, Paragraph 127 is denied.

128.   The allegation of Paragraph 128 is unduly vague and ambiguous, particularly the use of the word "[i]t", and therefore no response is required. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 128 and deny the same To the extent a response is required, Paragraph 128 is denied.

129.   The allegation of Paragraph 129 is unduly vague and ambiguous, particularly the use of the word "[i]t", and therefore no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 129 and deny the same. To the extent a response is required, Paragraph 129 is denied.

130.   The allegations of Paragraph 130 are unduly vague and ambiguous, particularly the use of the terms "reserved land", "land encompassed", and "enlarged reservations", and

therefore no response is required. Paragraph 130 also suggests a legal conclusion to which no response is required. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 130 and deny the same. To the extent a response is required, Paragraph 130 is denied.

131.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 131 and deny the same. The second sentence of Paragraph 131 also suggests a legal conclusion to which no response is required. The second sentence of Paragraph 131 is further unduly vague and ambiguous, particularly the use of the term "enlarged borders", and therefore no response is required. To the extent a response is required, Paragraph 131 is denied.

132.    The allegations in Paragraph 132 constitute legal conclusions to which no response is required. The allegation in Paragraph 132 also references a document that speaks for itself, and therefore does not require an answer.  To the extent a response is required, Paragraph 132 is denied.

133.    The allegations in Paragraph 133 constitute legal conclusions to which no response is required. The allegation in Paragraph 133 also references a document that speaks for itself, and therefore does not require an answer.  To the extent a response is required, Paragraph 133 is denied.

134.    The allegations in Paragraph 134 constitute legal conclusions to which no response is required. The allegation in Paragraph 134 also references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 134 is denied.

135.    The allegations in Paragraph 135 are unduly vague and ambiguous, particularly the use of the phrase "the land that they reserve", and therefore no response is required. Intervenor-Defendants. Paragraph 135 also constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 135 is denied.

136.    The allegation in Paragraph 136 is unduly vague and ambiguous, particularly the use of the terms "enlarged reservations", and "initial reservations", and therefore no response is required. Paragraph 136 also suggests a legal conclusion to which no response is required. To the extent a response is required, Paragraph 136 is denied.

137.    The allegation in Paragraph 137 is unduly vague and ambiguous, particularly the use of the term "enlarged reservation", and therefore no response is required. Paragraph 137 also suggests a legal conclusion to which no response is required. To the extent a response is required, Paragraph 137 is denied.  The allegation in Paragraph 137 also references a document that speaks for itself, and therefore does not require an answer.

138.    The allegation in Paragraph 138 references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 138 is denied.

139.    The allegations in Paragraph 139 are unduly vague and ambiguous, particularly the use of the term "enlarged reservations" and "the land", and therefore no response is required. The allegation in Paragraph 139 also references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 139 is denied.

140.    The allegation in Paragraph 140 references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 140 is

denied.

141.    The allegation in Paragraph 141 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 141 is denied.  The allegation in Paragraph 141 also references a document that speaks for itself, and therefore does not require an answer.

142.    The allegation in Paragraph 142 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 142 is denied.

143.    The allegation in Paragraph 143 is unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. Paragraph 143 also suggests a legal conclusion to which no response is required. To the extent a response is required, Paragraph 143 is denied.

144.    The allegation in Paragraph 144 is unduly vague and ambiguous, particularly the use of the term "reservations", and therefore no response is required. To the extent a response is required, Paragraph 144 is denied.

145.    The allegations in the first and fourth sentences of Paragraph 145 are unduly vague and ambiguous, particularly the use of the term "reservations" and "the enlarged Grand Staircase-Escalante reservation", and therefore no response is required. To the extent a response is required, the first and fourth sentences are denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth the second and third sentences of Paragraph 145 and deny the same.

146.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 146 and deny the same.

147.     The allegations in the first two sentences of Paragraph 147 are unduly vague and ambiguous, particularly the use of the terms "reservation-generated" and "reservations", and therefore no response is required. To the extent a response is required, the first two sentences are denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 147 and deny the same.

148.     The allegation in Paragraph 148 is unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. The allegation in Paragraph 148 also references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 148 is denied.

149.     The allegations in the second and third sentences Paragraph 149 are unduly vague and ambiguous, particularly the use of the word "reservation" and the phrase "land that was already encompassed by the Grand Staircase-Escalante reservation", and therefore no response is required. To the extent a response is required, the first two sentences of Paragraph 149 are denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 149 and deny the same.  The allegation in Paragraph 149 also references a document that speaks for itself, and therefore does not require an answer.

150.     The allegations in the first and third sentences of Paragraph 150 are unduly vague and ambiguous, particularly the use of the terms "reservation" and "enlargements", and therefore no response is required. To the extent a response is required, the first and third sentences of Paragraph 150 are denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 150 and deny the same. The allegation in Paragraph 150 also references a document that speaks for itself, and

therefore does not require an answer.

151.    The allegations in the second and third sentences of Paragraph 151 are unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. To the extent a response is required, the second and third sentences of Paragraph 151 are denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 151 and deny the same. The allegation in Paragraph 151 also references a document that speaks for itself, and therefore does not require an answer.

152.    The allegations in Paragraph 152 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 152 is denied.

153.    The allegations in the first, fifth, and sixth sentences of Paragraph 153 are unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. The allegations in the fifth and sixth sentences of Paragraph 153 also suggest legal conclusions to which no response is required. To the extent a response is required, the first, fifth, and sixth sentences of Paragraph 153 are denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 153 and deny the same.

154.    The allegations in the Paragraph 154 are unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. The allegations in the first, second, third, fourth, and sixth sentences of Paragraph 154 also suggest legal conclusions to which no response is required. To the extent a response is required, Paragraph 154 is denied.

155.    The allegation in the first sentence of Paragraph 155 is unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. The allegations in Paragraph 155 also constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 155 is denied.

156.    The second sentence of Paragraph 156 is unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. To the extent a response is required, the second sentence of Paragraph 156 is denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 156 and deny the same.

157.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 157 and deny the same.

158.    The allegations in the first and fourth sentences of Paragraph 158 are unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. The allegations in the first, third, and fourth sentences of Paragraph 155 suggest legal conclusions to which no response is required. To the extent a response is required, the first, third, and fourth sentences of Paragraph 158 are denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 158 and deny the same.

159.    The allegation in the first sentence of Paragraph 159 is unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. To the extent a response is required, the first sentence of Paragraph 159 is denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to

the truth of the remainder of Paragraph 159 and deny the same.

160.    The allegation in Paragraph 160 is unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. To the extent a response is required, Paragraph 160 is denied.

161.    The allegations in the first, second, third, fifth, sixth, and eighth sentences of Paragraph 161 are unduly vague and ambiguous, particularly the use of the terms "reservations", "reservation", "the land", and "these lands", and therefore no response is required. To the extent a response is required, the first, second, third, fifth, sixth, and eighth sentences of Paragraph 161 are denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 161 and deny the same

162.    The allegations in Paragraph 162 are unduly vague and ambiguous, particularly the use of the word "reservations", and the phrase "[t]he land encompassed by the enlarged reservations", and therefore no response is required. The allegation in the fourth sentence of Paragraph 162 also suggests legal conclusions to which no response is required. To the extent a response is required, Paragraph 162 is denied.

163.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 163 and deny the same.  The allegation in Paragraph 163 also references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 163 is denied.

164.    The allegation in the third sentence of Paragraph 164 is unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. The allegation in the third sentence of Paragraph 164 also suggests a legal conclusion

to which no response is required. To the extent a response is required, the third sentence of Paragraph 164 is denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder Paragraph 164 and deny the same.

165.     The allegations in the first, second, third, and fourth sentences of Paragraph 165 are unduly vague and ambiguous, particularly the use of the word "reservations", and the terms "Grand Staircase-Escalante reservation", "non-reservation side", and "reservation side", and therefore no response is required. The allegation in the third and fourth sentences of Paragraph 165 also suggest legal conclusions to which no response is required. To the extent a response is required, the first, second, third, and fourth sentences of Paragraph 165 are denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the remainder of Paragraph 165 and deny the same.

166.     The allegation in second sentence of Paragraph 166 is unduly vague and ambiguous, particularly the use of the phrase "[t]he land in the reservations", and therefore no response is required. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the remainder of Paragraph 166 and deny the same.

167.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 167 and deny the same.

168.     The allegations in Paragraph 168 are unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. The allegations in Paragraph 168 also suggests legal conclusions to which no response is required. To the extent a response is required, Paragraph 168 is denied.

169.     The allegation in the second sentence of Paragraph 169 is unduly vague and

ambiguous, particularly the use of the term "enlarged reservations", and therefore no response is required. To the extent a response is required, the second sentence of Paragraph 169 is denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 169 and deny the same.

170.    The allegation in Paragraph 170 references a document that speaks for itself, and therefore does not require an answer. The allegation in the first sentence of Paragraph 170 is unduly vague and ambiguous, particularly the use of the term "the land", and therefore no response is required. To the extent a response is required, Paragraph 170 is denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 170 and deny the same.

171.    The allegations of the second and third sentences in Paragraph 171 are unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. The allegations in the second and third sentences in Paragraph 171 also suggest legal conclusions to which no response is required. To the extent a response is required, the second and third sentences of Paragraph 171 are denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the first sentence of Paragraph 171 and deny the same.

172.    The allegations of the first and third sentences in Paragraph 172 are unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. The allegations in the first and third sentences in Paragraph 172 also suggest legal conclusions to which no response is required. To the extent a response is required, the first and third sentences of Paragraph 172 are denied. Intervenor-Defendants are without knowledge or

information sufficient to form a belief as to the truth of the remainder of Paragraph 172 and deny the same.

173.    The allegation in the first sentence in Paragraph 173 is unduly vague and ambiguous, particularly the use of the term "reservation land", and therefore no response is required. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 173 and deny the same. The allegation in Paragraph 173 also references a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, the first sentence of Paragraph 173 is denied.

174.    The allegation in Paragraph 174 is unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. To the extent a response is required, Paragraph 174 is denied.

175.    The allegation in Paragraph 175 is unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. To the extent a response is required, Paragraph 175 is denied.

176.    The allegations in the first and second sentences in Paragraph 176 is unduly vague and ambiguous, particularly the use of the terms "reservations" and "these lands", and therefore no response is required. To the extent a response is required, the first and second sentences of Paragraph 176 are denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 176 and deny the same.

177.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of all or part of Paragraph 177 and deny the same.

178.    Intervenor-Defendants are without knowledge or information sufficient to form

a belief as to the truth of Paragraph 178 and deny the same.

179.    The allegations of the first, second, third, fifth, and sixth sentences in Paragraph 179 are unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. The allegations in Paragraph 179 also suggest legal conclusions to which no response is required. To the extent a response is required, Paragraph 179 is denied.

180.    The allegation in the eighth sentence of Paragraph 180 is unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. To the extent a response is required, the eighth sentence of Paragraph 180 is denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 180 and deny the same.

181.    The allegations in Paragraph 181 are unduly vague and ambiguous, particularly the use of the word "reservations" and the term "enlarged reservations", and therefore no response is required. To the extent a response is required, Paragraph 181 is denied. Intervenor-Defendants are also without knowledge or information sufficient to form a belief as to the truth of Paragraph 181 and deny the same.

182.    The allegations in the first, fifth, and seventh sentences of Paragraph 182 are unduly vague and ambiguous, particularly the use of the word "reservation" the word "reservations", the term "enlarged reservations", and the phrase "enlarged Grand Staircase-Escalante reservation", and therefore no response is required. To the extent a response is required, the first, fifth, and seventh sentences of Paragraph 182 are denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of

the remainder of Paragraph 182 and deny the same.

183.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of all or part of Paragraph 183 and deny the same.

184.    The allegation in Paragraph 184 is unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. The allegation in Paragraph 184 also suggests a legal conclusion to which no response is required. To the extent a response is required, Paragraph 184 is denied.

185.    The allegation in the first sentence of Paragraph 185 is unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. The allegation in Paragraph 185 suggest legal conclusions to which no response is required. To the extent a response is required, Paragraph 185 is denied.

186.    The allegation in Paragraph 186 is unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. The allegation in Paragraph 186 also suggests a legal conclusion to which no response is required. To the extent a response is required, Paragraph 186 is denied.

187.    The allegations in the first and fifth sentences in Paragraph 187 are unduly vague and ambiguous, particularly the use of the word "reservations" and the term "enlarged reservations", and therefore no response is required. The allegations in the first and fifth sentences of Paragraph 187 also suggest legal conclusions to which no response is required. To the extent a response is required, the first and fifth sentences of Paragraph 187 are denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 187 and deny the same.

188.    The allegations in the first and second sentences of Paragraph 188 are unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. To the extent a response is required, the first and second sentences of Paragraph 188 are denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 188 and deny the same.

189.    The allegations in Paragraph 189 are unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. The allegation in the third sentence of Paragraph 189 also suggests a legal conclusion to which no response is required. To the extent a response is required, Paragraph 189 is denied.

190.    The allegation in the eighth sentence of Paragraph 190 is unduly vague and ambiguous, particularly the use of the word "reservation's", and therefore no response is required. The allegation in the eighth sentence of Paragraph 190 also suggests a legal conclusion to which no response is required. To the extent a response is required, the eighth sentence ins Paragraph 190 is denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 190 and deny the same.

191.    The allegations in the first and second sentences of Paragraph 191 are unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. The allegation in the second and third sentences of Paragraph 191 also suggest legal conclusions to which no response is required. To the extent a response is required, the first, second, and third sentences of Paragraph 191 are denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the fourth sentence of Paragraph 191 and deny the same.

192.   The allegation in Paragraph 192 is unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. The allegation in Paragraph 192 also suggests a legal conclusion to which no response is required. To the extent a response is required, Paragraph 192 is denied.

193.   The allegation in the first sentence of Paragraph 193 is unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. To the extent a response is required, the first sentence of Paragraph 193 is denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the second sentence of Paragraph 193 and deny the same.

194.   The allegations in the first, second, fourth, fifth, and sixth sentences of Paragraph 194 are unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. The allegations in Paragraph 194 also suggest legal conclusions to which no response is required. To the extent a response is required, Paragraph 194 is denied.

195.   The allegations in Paragraph 195 are unduly vague and ambiguous, particularly the use of the word "reservations" and "enlarged reservations", and therefore no response is required. To the extent a response is required, Paragraph 195 are denied.

196.   The allegations in the first and second, fourth, and fifth sentences of Paragraph 196 are unduly vague and ambiguous, particularly the use of the word "reservations" and the term "enlarged reservations", and therefore no response is required. To the extent a response is required, the first, second, fourth, and fifth sentences of Paragraph 196 are denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of

the third sentence of Paragraph 196 and deny the same.

197.    The allegations in the first and fifth sentences of Paragraph 197 are unduly vague and ambiguous, particularly the use of the terms "Grand Staircase-Escalante reservation" and "Bears Ears reservation", and therefore no response is required. To the extent a response is required, the first and fifth sentences of Paragraph 197 are denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 197 and deny the same.

198.    The allegations in Paragraph 198 are unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. To the extent a response is required Paragraph 198 is denied.

199.    The allegation in the first sentence of Paragraph 199 is unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. To the extent a response is required, the first sentence of Paragraph 199 is denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the second and third sentences of Paragraph 199 and deny the same.

200.    The allegations in Paragraph 200 are unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. The allegations in the second and third sentences of Paragraph 200 also suggest legal conclusions to which no response is required. To the extent a response is required, Paragraph 200 is denied.

201.    The allegations in Paragraph 201 are unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. The allegations in Paragraph 201 also suggest legal conclusions to which no response is required. To the extent a

response is required, Paragraph 201 is denied.

202.    The allegations in the first and second sentences of Paragraph 202 are unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. The allegations in the first and second sentences of Paragraph 202 also suggest legal conclusions to which no response is required. To the extent a response is required, the first and second sentences of Paragraph 202 are denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder Paragraph 202 and deny the same.

203.    The allegations in Paragraph 203 are unduly vague and ambiguous, particularly the use of the word "reservations" and the term "enlarged reservations", and therefore no response is required. The allegations in Paragraph 203 also suggest legal conclusions to which no response is required. To the extent a response is required, Paragraph 203 is denied.

204.    The allegations in the first and third sentences of Paragraph 204 are unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. The allegations in Paragraph 204 also suggest legal conclusions to which no response is required. To the extent a response is required, Paragraph 204 is denied.

205.    The allegations in the first and second sentences of Paragraph 205 are unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. The allegations in the first and second sentences of Paragraph 205 also suggest legal conclusions to which no response is required. To the extent a response is required, the first and second sentences of Paragraph 205 are denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of all or part of the third sentence of

Paragraph 205 and deny the same.

206.   The allegations in the first, second, fifth, sixth, and eighth sentences of Paragraph 206 are unduly vague and ambiguous, particularly the use of the word "reservations" and term "the land", and therefore no response is required. The allegations in Paragraph 206 also suggest legal conclusions to which no response is required. To the extent a response is required, Paragraph 206 is denied.

207.   The allegations in Paragraph 207 are unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. The allegations in Paragraph 207 also suggest legal conclusions to which no response is required. To the extent a response is required, Paragraph 207 is denied.

208.   The allegation in the fifth sentence of Paragraph 208 is unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. The allegations in the fifth sentence of Paragraph 208 also suggests a legal conclusion to which no response is required. To the extent a response is required, Paragraph 208 is denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 208 and deny the same.

209.   The allegations in the first, third, and fourth sentences of Paragraph 209 are unduly vague and ambiguous, particularly the use of the word "reservations" and the term "the land", and therefore no response is required. The allegations in the third and fourth sentences of Paragraph 209 also suggest legal conclusions to which no response is required. To the extent a response is required, the first, third, and fourth sentences of Paragraph 209 are denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to

the truth of the remainder of Paragraph 209 and deny the same.

210.    The allegations in second and third sentences of Paragraph 210 are unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. The allegations in the second and third sentences of Paragraph 210 also suggest legal conclusions to which no response is required. To the extent a response is required, the second and third sentences of Paragraph 210 are denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 210 and deny the same.

211.    The allegations in Paragraph 211 are unduly vague and ambiguous, particularly the use of the word "reservations" and the term "reservation land", and therefore no response is required. To the extent a response is required, Paragraph 211 is denied.

212.    The allegation in the third sentence of Paragraph 212 is unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. The allegations in the first and second sentences in Paragraph 212 reference a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 212 is denied.

213.    The allegations in Paragraph 213 suggest legal conclusions to which no response is required. The allegations in Paragraph 213 reference a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 213 is denied.

214.    The allegation in Paragraph 214 is unduly vague and ambiguous, particularly the use of the phrase "declarations and reservations", and therefore no response is required. The

allegation in Paragraph 214 suggests a legal conclusion to which no response is required. To the extent a response is required, Paragraph 214 is denied.

215.    The allegation in Paragraph 215 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 215 is denied.

216.    The allegations in Paragraph 216 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 216 is denied.

217.    The allegation in Paragraph 217 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 217 is denied.

218.    The allegation in Paragraph 218 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 218 is denied.

219.    The allegation in Paragraph 219 is neither a factual nor a legal allegation and no answer is required. To the extent a response is required, Paragraph 219 is denied.

220.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 220 and deny the same.

221.    The allegations in Paragraph 221 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 221 is denied.

222.    The allegations in Paragraph 222 constitute legal conclusions to which no response is required.  To the extent a response is required, Paragraph 222 is denied.

223.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 223 and deny the same. The allegations in Paragraph 223 also reference a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 223 is denied.

224.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 224 and deny the same. The allegations in Paragraph 224 also reference a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 224 is denied.

225.     The allegations in Paragraph 225 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 225 is denied.

226.     The allegation in the first sentence of Paragraph 226 constitutes a legal conclusion to which no response is required. The allegation in the third sentence of 226 suggests a legal conclusion to which no response is required. To the extent a response is required, the first and third sentences of Paragraph 226 are denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the second sentence of Paragraph 226 and deny the same. The allegations in Paragraph 226 also reference a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 226 is denied.

227.     The allegation in Paragraph 227 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 227 is denied.

228.     The allegation in Paragraph 228 is neither a factual nor a legal allegation and no answer is required. To the extent a response is required, Paragraph 228 is denied.

229.     The allegations in Paragraph 229 reference a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 229 is denied.

230.     The allegations in Paragraph 230 suggest legal conclusions to which no response

is required. To the extent a response is required, Paragraph 230 is denied.

231.     The allegations in the first and second sentences of Paragraph 231 constitute legal conclusions to which no response is required. To the extent a response is required, the first and second sentences of Paragraph 231 are denied. The allegations in the third and fifth sentences suggest legal conclusions to which no response is required. To the extent a response is required, the third and fifth sentences of Paragraph 231 are denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the fourth sentence of Paragraph 231 and deny the same. The allegations in Paragraph 231 reference a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 231 is denied.

232.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of all or part of Paragraph 232 and deny the same. The allegations in Paragraph 232 reference a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 232 is denied.

233.     The allegations Paragraph 233 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 233 is denied.

234.     The allegation in Paragraph 234 is neither a factual nor a legal allegation and no answer is required. To the extent a response is required, Paragraph 234 is denied.

235.     The allegations in Paragraph 235 reference a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 235 is denied.

236.     The allegation in Paragraph 236 constitutes a legal conclusion to which no

response is required.  To the extent a response is required, Paragraph 236 is denied.

237.   The allegations in Paragraph 237 constitute legal conclusions to which no response is required. The allegations in Paragraph 237 also reference a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 237 is denied.

238.   The allegations in Paragraph 238 constitute legal conclusions to which no response is required. The allegations in Paragraph 238 reference a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 238 is denied.

239.   The allegations in Paragraph 239 constitute legal conclusions to which no response is required.  To the extent a response is required, Paragraph 239 is denied.

240.   The allegations in Paragraph 240 constitute legal conclusions to which no response is required.  To the extent a response is required, Paragraph 240 is denied.

241.   The allegations in Paragraph 241 constitute legal conclusions to which no response is required.  To the extent a response is required, Paragraph 241 is denied.

242.    The allegations in Paragraph 242 suggest legal conclusions to which no response is required.  To the extent a response is required, Paragraph 242 is denied.

243.   The allegations in Paragraph 243 constitute legal conclusions to which no response is required. The allegation in the second and third sentences of Paragraph 243 are also unduly vague and ambiguous, particularly the use of the terms "the reservations" and "a reservation", and therefore no response is required. To the extent a response is required, Paragraph 243 is denied.

244.   The allegation in Paragraph 244 constitutes a legal conclusion to which no response is required.  To the extent a response is required, Paragraph 244 is denied.  The allegation in Paragraph 244 is also unduly vague and ambiguous, particularly the use of the term "a reservation", and therefore no response is required. To the extent a response is required, Paragraph 244 is denied.

245.   The allegations in Paragraph 245 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 245 is denied.

246.   The allegation in Paragraph 246 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 246 is denied.

247.   The allegations in Paragraph 247 constitute legal conclusions to which no response is required. The allegation in the second sentence of Paragraph 247 is unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. To the extent a response is required, Paragraph 247 is denied.

248.   The allegation in Paragraph 248 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 248 is denied.

249.   The allegation in Paragraph 249 constitutes a legal conclusion to which no response is required.  To the extent a response is required, Paragraph 249 is denied.

250.   The allegations in Paragraph 250 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 250 is denied.

251.    The allegations in Paragraph 251 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 251 is denied .

252.    The allegations in Paragraph 252 constitute legal conclusions to which no

response is required. To the extent a response is required, Paragraph 252 is denied .

253.   The allegations in Paragraph 253 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 253 is denied.

254.   The allegation in Paragraph 254 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 254 is denied.

255.   The allegation in Paragraph 255 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 255 is denied.

256.   The allegations in Paragraph 256 constitute legal conclusions to which no response is required. The allegations in the first and sixth sentences of Paragraph 256 are unduly vague and ambiguous, particularly the use of the word "reservations" and the phrase "the area to be reserved", and therefore no response is required. To the extent a response is required, Paragraph 256 is denied.

257.   The allegation in Paragraph 257 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 257 is denied.

258.   The allegation in Paragraph 258 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 258 is denied.

259.   The allegation in Paragraph 259 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 259 is denied.

260.   The allegation in Paragraph 260 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 260 is denied.

261.   The allegation in Paragraph 261 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 261 is denied.

262.   The allegations in Paragraph 262 constitute legal conclusions to which no response is required. The allegations in the first and sixth sentences of Paragraph 262 are unduly vague and ambiguous, particularly the use of the word "reservations" and the phrase "area to be reserved", and therefore no response is required. To the extent a response is required, Paragraph 262 is denied.

263.   The allegation in Paragraph 263 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 263 is denied.

264.   The allegation in Paragraph 264 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 264 is denied.

265.   The allegations in Paragraph 265 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 265 is denied.

266.   The allegation in Paragraph 266 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 266 is denied.

267.   The allegation in Paragraph 267 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 267 is denied.

268.   The allegation in Paragraph 268 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 268 is denied.

269.   The allegation in Paragraph 269 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 269 is denied.

270.   The allegations in Paragraph 270 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 270 is denied

271.   The allegation in Paragraph 271 constitutes a legal conclusion to which no

response is required. To the extent a response is required, Paragraph 271 is denied.

272.     The allegation in Paragraph 272 constitutes a legal conclusion to which no response is required. The allegation in Paragraph 272 is also unduly vague and ambiguous, particularly the use of the word "reserved", and therefore no response is required. To the extent a response is required, Paragraph 272 is denied.

273.     The allegation in Paragraph 273 constitutes a legal conclusion to which no response is required. The allegation in Paragraph 273 is also unduly vague and ambiguous, particularly the use of the word "reservation", and therefore no response is required. To the extent a response is required, Paragraph 273 is denied.

274.     The allegation in Paragraph 274 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 274 is denied.

275.     The allegation in Paragraph 275 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 275 is denied.

276.     The allegation in Paragraph 276 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 276 is denied.

277.     The allegation in Paragraph 277 constitutes a legal conclusion to which no response is required. The allegation in Paragraph 277 is unduly vague and ambiguous, particularly the use of the term "a reservation", and therefore no response is required. To the extent a response is required, Paragraph 277 is denied.

278.     The allegation in Paragraph 278 constitutes a legal conclusion to which no response is required. The allegation in Paragraph 278 is also unduly vague and ambiguous, particularly the use of the term "The Reservation Provision", and therefore no response is

required. To the extent a response is required, Paragraph 278 is denied.

279.    The allegations in Paragraph 279 constitute legal conclusions to which no response is required. The allegation in the first sentence of Paragraph 279 is also unduly vague and ambiguous, particularly the use of the term "Reservation Provision's", and therefore no response is required. To the extent a response is required, Paragraph 279 is denied.

280.    The allegations in Paragraph 280 constitute legal conclusions to which no response is required. The allegations in Paragraph 280 are also unduly vague and ambiguous, particularly the use of the words "reservation" and "reservations", and therefore no response is required. To the extent a response is required, Paragraph 280 is denied.

281.    The allegation in Paragraph 281 constitutes a legal conclusion to which no response is required. The allegation in the third sentence of Paragraph 281 is also unduly vague and ambiguous, particularly the use of the term "[a] reservation", and therefore no response is required. To the extent a response is required, Paragraph 281 is denied.

282.    The allegations in the first and third sentences of Paragraph 282 suggest legal conclusions to which no response is required. The allegations in the first and second sentences in Paragraph 278 are also unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. To the extent a response is required, Paragraph 278 is denied.

283.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 283 and deny the same.

284.    The allegation in Paragraph 284 suggests a legal conclusion to which no response is required. To the extent a response is required, Paragraph 284 is denied.

285.    The allegation in Paragraph 285 suggests a legal conclusion to which no response is required. To the extent a response is required, Paragraph 285 is denied .

286.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 286 and deny the same.

287.    The allegation in Paragraph 287 constitutes a legal conclusion to which no response is required. The allegation in Paragraph 287 is also unduly vague and ambiguous, particularly the use of the term "reservation boundaries", and therefore no response is required. To the extent a response is required, Paragraph 287 is denied.

288.    The allegations in Paragraph 288 suggest legal conclusions to which no response is required. To the extent a response is required, Paragraph 288 is denied.

289.    The allegation in the first sentence of Paragraph 289 suggests a legal conclusion to which no response is required. The allegation in the first sentence of Paragraph 289 is also unduly vague and ambiguous, particularly the use of the term "[r]eservations", and therefore no response is required. To the extent a response is required, the first sentence of Paragraph 289 is denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the second sentence of Paragraph 289 and deny the same.

290.    The allegation in the first sentence of Paragraph 290 suggests a legal conclusion to which no response is required. The allegations in Paragraph 290 are also unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. To the extent a response is required, Paragraph 290 is denied.

291.    The allegation in Paragraph 291 constitutes a legal conclusion to which no response is required. The allegation in Paragraph 291 is also unduly vague and ambiguous,

particularly the use of the word "reservations", and therefore no response is required. To the extent a response is required, Paragraph 291 is denied.

292.     The allegation in Paragraph 292 constitutes a legal conclusion to which no response is required. The allegation in Paragraph 292 is also unduly vague and ambiguous, particularly the use of the term "vast landscape reservations", and therefore no response is required. To the extent a response is required, Paragraph 292 is denied.

293.     The allegations in Paragraph 293 constitute legal conclusions to which no response is required. The allegations in Paragraph 293 are also unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. To the extent a response is required, Paragraph 293 is denied.

294.     The allegations in Paragraph 294 constitute legal conclusions to which no response is required. The allegations in Paragraph 294 are also unduly vague and ambiguous, particularly the use of the term "a reservation", and therefore no response is required. To the extent a response is required, Paragraph 294 is denied.

295.     The allegations in Paragraph 295 constitute legal conclusions to which no response is required. The allegations in Paragraph 295 are also unduly vague and ambiguous, particularly the use of the term "a reservation", and therefore no response is required. To the extent a response is required, Paragraph 295 is denied.

296.     The allegation in Paragraph 296 is unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. To the extent a response is required, Paragraph 296 is denied.

297.     The allegation in Paragraph 297 constitutes a legal conclusion to which no

response is required. The allegation in Paragraph 297 is also unduly vague and ambiguous, particularly the use of the term "reservation sizes", and therefore no response is required. To the extent a response is required, Paragraph 297 is denied.

298.    The allegations in Paragraph 298 constitute legal conclusions to which no response is required. The allegations in Paragraph 298 are also unduly vague and ambiguous, particularly the use of the terms "reserved by" and "reservations", and therefore no response is required. To the extent a response is required, Paragraph 298 is denied.

299.    The allegations in Paragraph 299 constitute legal conclusions to which no response is required. The allegation in the second sentence of Paragraph 299 is also unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. To the extent a response is required, Paragraph 299 is denied.

300.    The allegation in Paragraph 300 constitutes a legal conclusion to which no response is required. The allegation in Paragraph 300 is also unduly vague and ambiguous, particularly the use of the term "reservation boundaries" and the word "reservations", and therefore no response is required. To the extent a response is required, Paragraph 298 is denied.

301.    The allegation in the first sentence of Paragraph 301 constitutes a legal conclusion to which no response is required. The allegations in Paragraph 301 are also unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. To the extent a response is required, Paragraph 301 is denied.

302.    The allegation in Paragraph 302 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 302 is denied.

303.    The allegations in Paragraph 303 constitute legal conclusions to which no

response is required. The allegations in Paragraph 303 are also unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. To the extent a response is required, Paragraph 303 is denied.

304.     The allegation in Paragraph 304 is unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. To the extent a response is required, Paragraph 304 is denied.

305.     The allegations in Paragraph 305 are unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. To the extent a response is required, Paragraph 305 is denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 305 and deny the same.

306.     The allegations in Paragraph 306 are unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. To the extent a response is required, Paragraph 306 is denied. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 306 and deny the same.

307.     The allegations in Paragraph 307 reference a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 307 is denied.

308.     The allegation in the third sentence of Paragraph 308 suggests a legal conclusion to which no response is required. The allegation in the third sentence of Paragraph 308 is unduly vague and ambiguous, particularly the use of the term "the reservation" and the word "reservations", and therefore no response is required. To the extent a response is required, the third sentence of Paragraph 308 is denied. Intervenor-Defendants are without knowledge or

information sufficient to form a belief as to the truth of the remainder of Paragraph 308 and deny the same.

309.    The allegation in Paragraph 309 constitutes a legal conclusion to which no response is required. The allegation in Paragraph 309 is also unduly vague and ambiguous, particularly the use of the word "reservations", and therefore no response is required. To the extent a response is required, Paragraph 309 is denied.

310.    The allegation in Paragraph 310 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 310 is denied.

311.    The allegation in Paragraph 311 suggests a legal conclusion to which no response is required. To the extent a response is required, Paragraph 311 is denied

312.    The allegations in Paragraph 312 constitute legal conclusions to which no response is required. To the extent a response is required, Paragraph 312 is denied.

313.    The allegation in Paragraph 313 constitutes a legal conclusion to which no response is required. To the extent a response is required Paragraph 313 is denied.

314.    The allegation in Paragraph 314 constitutes a legal conclusion to which no response is required. To the extent a response is required Paragraph 314 is denied.

315.    The allegations in Paragraph 315 constitute legal conclusions to which no response is required. To the extent a response is required Paragraph 315 is denied.

316.    The allegation in Paragraph 316 constitutes a legal conclusion to which no response is required. To the extent a response is required Paragraph 316 is denied.

317.    The allegations in Paragraph 317 constitute legal conclusion to which no response is required. The allegations in the fifth sentence of Paragraph 317 is also unduly vague

and ambiguous, particularly the use of the word "reservation", and therefore no response is required. To the extent a response is required, Paragraph 317 is denied.

318.   The allegations in Paragraph 318 constitute legal conclusions to which no response is required. The allegations in the second and third sentences of Paragraph 318 are also unduly vague and ambiguous, particularly the use of the term "to reserve", and therefore no response is required. To the extent a response is required, Paragraph 318 is denied.

319.   The allegations in Paragraph 319 constitute legal conclusions to which no response is required. To the extent a response is required Paragraph 319 is denied.

320.   The allegations in Paragraph 320 reference a document that speaks for itself, and therefore does not require an answer. To the extent a response is required, Paragraph 320 is denied.

321.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 321 and deny the same.

322.   Intervenor-Defendants incorporate by reference all previous paragraphs in this Answer.

323.   The allegation in Paragraph 323 constitutes a legal conclusion to which no response is required. To the extent a response is required Paragraph 323 is denied.

324.   The allegation in Paragraph 324 constitutes a legal conclusion to which no response is required. To the extent a response is required Paragraph 324 is denied.

325.   The allegation in Paragraph 325 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 325 is denied.

326.   The allegation in Paragraph 326 constitutes a legal conclusion to which no

response is required. To the extent a response is required, Paragraph 326 is denied.

327.   The allegation in Paragraph 327 constitutes a legal conclusion to which no response is required. The allegation in Paragraph 327 is also unduly vague and ambiguous, particularly the use of the word "reservation", and therefore no response is required. To the extent a response is required, Paragraph 327 is denied.

328.   The allegation in Paragraph 328 constitutes a legal conclusion to which no response is required. The allegation in Paragraph 328 is also unduly vague and ambiguous, particularly the use of the word "reservation", and therefore no response is required. To the extent a response is required, Paragraph 328 is denied.

329.   Intervenor-Defendants incorporate by reference all previous paragraphs in this Answer.

330.   The allegation in Paragraph 330 constitutes a legal conclusion to which no response is required. To the extent a response is required, Paragraph 330 is denied.

331.   The allegations in Paragraph 331 constitute legal conclusion to which no response is required. The allegation in the first sentence of Paragraph 331 is also unduly vague and ambiguous, particularly the use of the term "[a] reservation", and therefore no response is required. To the extent a response is required, Paragraph 331 is denied.

332.   The allegation in Paragraph 332 constitutes legal conclusion to which no response is required. To the extent a response is required, Paragraph 332 is denied.

333.   The allegation in Paragraph 333 constitutes legal conclusion to which no response is required. The allegation in Paragraph 333 is also unduly vague and ambiguous, particularly the use of the word "reservation", and therefore no response is required. To the

extent a response is required, Paragraph 333 is denied.

334.    The allegation in Paragraph 334 constitutes legal conclusion to which no response is required. The allegation in Paragraph 334 is also unduly vague and ambiguous, particularly the use of the word "reservation", and therefore no response is required. To the extent a response is required, Paragraph 334 is denied.

335.    The allegation in Paragraph 335 constitutes legal conclusion to which no response is required. The allegation in Paragraph 335 is also unduly vague and ambiguous, particularly the use of the term "declaration and reservation", and therefore no response is required. To the extent a response is required, Paragraph 335 is denied.

## AFFIRMATIVE DEFENSES

1.  Plaintiffs lack Article III standing to establish subject-matter jurisdiction.

2.  Plaintiffs otherwise fail to establish this Court's subject-matter jurisdiction to award Plaintiffs some or all of the relief requested in its Complaint.

3.  Plaintiff has failed to state any claim upon which relief can be granted.

Dated: December 19, 2022

Respectfully submitted,

*/s/ Daniel Moquin*
Daniel Moquin, (UT No. 7585)
Paul Spruhan (*pro hac vice* forthcoming)
  *Assistant Attorney General*
Sage G. Metoxen (*pro hac vice* forthcoming)
Louis Mallette (*pro hac vice* forthcoming)
Navajo Nation Department of Justice
PO Box 2010
Window Rock AZ 86515
(928) 871-6210
dmoquin@nndoj.org

paspruhan@nndoj.org
smetoxen@nndoj.org

*Counsel for Proposed Intervenor-Defendant Navajo Nation*

Matthew L. Campbell (*pro hac vice* forthcoming)
Jason Searle (*pro hac vice* forthcoming)
Allison Neswood (*pro hac vice* forthcoming)
NATIVE AMERICAN RIGHTS FUND
1506 Broadway
Boulder, CO 80302
Phone: (303) 447-8760
Fax: (303) 443-7776
mcampbell@narf.org
searle@narf.org
neswood@narf.org

*Counsel for Proposed Intervenor-Defendant Hopi Tribe, Ute
Mountain Ute Tribe, and Pueblo of Zuni*

David Mielke (*pro hac vice* forthcoming)
SONOSKY, CHAMBERS, SACHSE, MIELKE & BROWNELL, LLP
500 Marquette Avenue, NW, Suite 660
Albuquerque, NM 87102
Phone: (505) 247-0147
Email: dmielke@abqsonosky.com

Whitney A. Leonard (*pro hac vice* forthcoming)
SONOSKY, CHAMBERS, SACHSE, MILLER & MONKMAN, LLP
510 L Street, Suite 310
Anchorage, AK  99501
Phone: (907) 258-6377
Email : whitney@sonosky.net

*Counsel for Applicant Pueblo of Zuni*