Melissa A. Holyoak (Utah Bar No. 9832)
Utah Solicitor General
Anthony L. Rampton (Utah Bar No. 2681)
Assistant Utah Attorney General
350 N. State Street, Suite 230
P.O. Box 142320
Salt Lake City, UT 84114-2320
(801) 538-9600
melissaholyoak@agutah.gov
arampton@agutah.gov

*Counsel for Plaintiff State of Utah*

Tyler R. Green (Utah Bar No. 10660)
CONSOVOY MCCARTHY PLLC
222 S. Main Street, 5th Floor
Salt Lake City, UT 84101
(703) 243-9423
tyler@consovoymccarthy.com

*Counsel for Plaintiffs Garfield County, Utah; Kane County, Utah; State of Utah*

Brady Brammer (SBN: 13411)
Matt Piccolo (SBN: 15707)
BRAMMER RANCK, LLP
1955 W. Grove Parkway, Suite 200
Pleasant Grove, UT 84062
Telephone: (801) 893-3951
bbrammer@brfirm.com

James M. Burnham (*pro hac vice*)
Harry S. Graver (*pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
jburnham@jonesday.com
hgraver@jonesday.com

*Counsel for Individual Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**SOUTHERN REGION OF THE CENTRAL DIVISION**

GARFIELD COUNTY, UTAH, et al.;

*Plaintiffs*,

ZEBEDIAH GEORGE DALTON; et al.;

*Consolidated Plaintiffs*,

v.

JOSEPH R. BIDEN, JR. et al.

*Defendants,*

HOPI TRIBE; et al.;

*Intervenor-Defendants.*

**PLAINTIFFS' RESPONSE TO ARCHAEOLOGICAL MOVANTS', GSEP MOVANTS', AND UDB MOVANTS' OBJECTIONS TO MAGISTRATE JUDGE KOHLER'S ORDER DENYING MOTIONS TO INTERVENE**

Lead Case No. 4:22cv00059 DN-PK

Member Case No. 4:22cv00060 DN

Judge David Nuffer

Magistrate Judge Paul Kohler

Plaintiffs write briefly to clarify their rights and obligations with respect to the UDB, GSEP, and Archaeological movants' objections to Magistrate Judge Kohler's order denying their intervention.[1]

In their objections, the UDB and GSEP movants assert that Judge Kohler's order was a "dispositive" decision under Rule 72 and 28 U.S.C. §636.[2] Rule 72(b)(2) authorizes Plaintiffs to respond to objections to a magistrate judge's *dispositive* decision within 14 days, which would make Plaintiffs' response due today.[3] Rule 72(a), in contrast, does not by its own terms authorize or require Plaintiffs to respond to objections to a non-dispositive order.[4] Therefore, Plaintiffs' response is either due today (if the order is dispositive) or seemingly not allowed unless ordered by the Court (if the order is non-dispositive).

Plaintiffs understand Local Rule 72-3 to clarify somewhat the uncertainty about whether their response is due today even if Judge Kohler's order were dispositive. Local Rule 72-3 provides that, regardless of whether a magistrate judge's decision is dispositive, "a response need not be filed" and the Court "may not grant [an objection] without first giving the opposing party an opportunity to brief the matter."[5] Local Rule 72-3 appears to contemplate that the Court will give the opposing party that opportunity by "set[ting] a briefing schedule."[6] And though the Court has set a briefing schedule

---

[1] Doc. 145 (UDB Objections); Doc. 146 (GSEP Objections); Doc. 148 (Archaeological Objections); Doc. 122 (Order).

[2] Doc. 145 (UDB Objections) at 2 ("The Magistrate Judge's Order is dispositive and subject to review de novo as it ends the case for UDB Intervenors."); Doc. 146 (GSEP Objections) at 3-4 ("the order 'operates as res judicata,' is dispositive, and is subject to de novo review."). The Archaeological movants take no position. Doc. 148 at 3 ("The Tenth Circuit has not determined whether a magistrate judge's order denying a motion to intervene is dispositive, but under either standard of review, the denial of Archaeological Intervenors' Motion should be set aside.").

[3] Fed. R. Civ. P. 72(b)(2).

[4] Fed. R. Civ. P. 72(a); *Cf. Gen. Motors Corp. v. Johnson Matthey, Inc.*, 887 F. Supp. 1240, 1243 (E.D. Wis. 1995) (reasoning that an opposing party "is not permitted under Rule 72(a), Federal Rules of Civil Procedure, and Local Rule 13.02 to file a memorandum in opposition to [Rule 72(a)] objections").

[5] DUCivR 72-3(b), 72-3(c).

[6] DUCivR 72-3(c).

ordering a response from a non-opposing party—the SUWA movants—it has not set a briefing schedule ordering a response from Plaintiffs.[7]

However, if the Court understands Plaintiffs' response to be due today based on Rule 72(a)—and UDB and GSEP movants' argument that Judge Kohler's order was dispositive—Plaintiffs briefly address why Judge Kohler's order was not dispositive.

***First***, the division of a magistrate judge's authority between dispositive and non-dispositive matters derives from 28 U.S.C. §636. That statute authorizes a magistrate judge to "determine any pretrial matter pending before the court," except for eight specifically listed pretrial motions—like motions for summary judgment or dismissal of an action.[8] For those eight motions, which have come to be known as dispositive motions,[9] the statute authorizes a magistrate judge only to make "proposed findings of fact and recommendations" subject to automatic de novo review by the district court.[10] For all other motions, which have come to be known as non-dispositive motions,[11] the magistrate judge may issue orders, subject to deferential review.[12] Motions to intervene are *not* one of the eight listed motions.[13] As a matter of §636's plain text, they are therefore non-dispositive motions.

***Second***, courts have almost uniformly rejected past attempts to reclassify motions to intervene as dispositive motions. "Within the Tenth Circuit, courts have treated denials of motion to intervene

---

[7] Doc. 152 ("Intervenor Defendants SUWA et al shall file a combined response no more than ten (10) pages in length to these three objections by April 25, 2023. The response shall address whether Intervenor Defendants SUWA et al were considered 'existing parties' under Fed. R. Civ. P. 24(a)(2) at the time Judge Kohler issued his Memorandum Decision and Order (docket no. [122]).").
[8] 28 U.S.C. §636(b)(1)(A).
[9] *United States v. Raddatz*, 447 U.S. 667, 673 (1980).
[10] 28 U.S.C. §636(b)(1)(B).
[11] *Raddatz*, 447 U.S. at 673.
[12] 28 U.S.C. §636(b)(1)(A).
[13] 28 U.S.C. §636(b)(1)(A) ("motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action")

as non-dispositive rulings."[14] "Congress has expressly listed eight matters in §636(b)(1)(A) as dispositive, and the list does not contain motions to intervene."[15] A denial of intervention "does not dispose of any claims."[16] Denials of intervention are "[n]ondispositive pretrial rulings."[17] Courts "reject[]" the "legally unsupported statement that the motion to intervene is a dispositive issue which should be considered under Rule 72(b)."[18] "[M]otions to intervene are generally considered to be non-dispositive."[19]

UDB and GSEP movants cite only one case that holds otherwise, from a district court in Alabama whose analysis was a single sentence.[20] Their other cited cases address appellate jurisdiction under 28 U.S.C. §1291,[21] whether other parties could force an intervenor to litigate before a magistrate judge with *no* review by the district court at all,[22] and whether absent class members are parties—the last of which gave rise to dicta observing that one district court treated intervention motions as dispositive.[23] Their two Tenth Circuit Rule 72 cases hold that an order striking a plaintiff's pleadings with prejudice and an order remanding to state court for lack of jurisdiction are "identical" to the §636-enumerated category for "involuntarily dismiss[al]"—or at least must be treated as such to avoid constitutional problems not present here.[24] UDB and GSEP cite no court decision within the Tenth

---

[14] *Young v. Glanz*, 2018 WL 1588026, at *8 n.11 (N.D. Okla. Mar. 31, 2018); *see also Pub. Serv. Co. of Colo. v. Bd. of Cnty. Comm'r of San Miguel County*, 2005 WL 2293650, at *3 (D. Colo. Sept. 19, 2005).
[15] *Rhodes v. Ohse*, 1998 WL 809510, at *1 (N.D.N.Y. Oct. 30, 1998).
[16] *In re Motor Fuel Temperature Sales Pracs. Litig.*, 261 F.R.D. 577, 583 (D. Kan. 2009).
[17] *United States v. Brooks*, 163 F.R.D. 601, 603 (D. Or. 1995).
[18] *Sunrise Shipping, Ltd. v. M/V Am. Chemist*, 1997 WL 289349, at *1 (E.D. La. May 29).
[19] *Jud. Watch, Inc. v.* Griswold, 2021 WL 4272719, at *2 (D. Colo. Sept. 20).
[20] *Sunbelt Veterinary Supply, Inc. v. Int'l Bus. Sys. United States, Inc.*, 200 F.R.D. 463, 465 (M.D. Ala. 2001).
[21] *Coal. of Arizona/New Mexico Ctys. for Stable Econ. Growth v. DOI*, 100 F.3d 837, 839 (10th Cir. 1996).
[22] *New York Chinese TV Programs, Inc. v. U.E. Enterprises, Inc.*, 996 F.2d 21, 23 (2d Cir. 1993).
[23] *Day v. Persels & Assocs., LLC*, 729 F.3d 1309, 1322 (11th Cir. 2013).
[24] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462-63 (10th Cir. 1988); *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 996 (10th Cir. 2000).

Circuit that has ever followed these decisions—or any decisions—to conclude that magistrate judges' intervention orders are dispositive under Rule 72 and §636.[25]

***Third***, Judge Kohler's order was titled as an "Order," not a "Recommendation."[26] Only "recommendations" can be subject to Rule 72(b)(2)'s 14-day window.[27]

The Court should reject UDB and GSEP movants' invitation to create an exception to 28 U.S.C. §636 by treating Judge Kohler's intervention order as a dispositive motion.

* * *

Because an order denying a motion to intervene is a non-dispositive order, Plaintiffs do not believe they are required or authorized to respond to movants' objections unless this Court orders them to do so. They submit this clarification only to preserve their right to respond at the Court's request, as they understand Rule 72-3 to contemplate.

[25] *E.g.*, *Jud. Watch, Inc. v. Griswold*, 2021 WL 4272719, at *2 (D. Colo. Sept. 20, 2021); *Day v. Sebelius*, 227 F.R.D. 668, 671 (D. Kan. 2005); *Angilau v. United States*, 2017 WL 9496068, at *1 n.1 (D. Utah July 27, 2017); *Young v. Glanz*, 2018 WL 1588026, at *8 (N.D. Okla. Mar. 31, 2018); *PDC Energy, Inc. v. DCP Midstream, LP*, 2014 WL 12676230, at *4 (D. Colo. Sept. 3).

[26] Doc. 122 ("Memorandum Decision and Order on Proposed Intervenors' Motions To Intervene").

[27] Fed. R. Civ. P. 72(b)(2).

Dated: April 14, 2023

Respectfully submitted,

Melissa A. Holyoak (Utah Bar No. 9832)
Utah Solicitor General
Anthony L. Rampton (Utah Bar No. 2681)
Assistant Utah Attorney General
350 N. State Street, Suite 230
P.O. Box 142320
Salt Lake City, UT 84114-2320
(801) 538-9600
melissaholyoak@agutah.gov
arampton@agutah.gov

*Counsel for Plaintiff State of Utah*

/s/ Brady Brammer
Brady Brammer (SBN: 13411)
Matt Piccolo (SBN: 15707)
BRAMMER RANCK, LLP
1955 W. Grove Parkway, Suite 200
Pleasant Grove, UT 84062
Telephone: (801) 893-3951
bbrammer@brfirm.com

James M. Burnham (*pro hac vice*)
Harry S. Graver (*pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
jburnham@jonesday.com
hgraver@jonesday.com

*Counsel for Individual Plaintiffs*

/s/ Tyler R. Green
Tyler R. Green (Utah Bar No. 10660)
CONSOVOY MCCARTHY PLLC
222 S. Main Street, 5th Floor
Salt Lake City, UT 84101
(703) 243-9423
tyler@consovoymccarthy.com

Taylor A.R. Meehan (pro hac vice)
Jeffrey S. Hetzel (pro hac vice)
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, Virginia 22209
(703) 243-9423
taylor@consovoymccarthy.com
jhetzel@consovoymccarthy.com

*Counsel for Plaintiffs Garfield County, Utah; Kane County, Utah; State of Utah*