Heidi McIntosh, Utah Bar #6277
Thomas R. Delehanty, CO Bar #51887*
Earthjustice
633 17th Street, Suite 1600
Denver, CO 80202
Tel.: (303) 623-9466
hmcintosh@earthjustice.org
tdelehanty@earthjustice.org

*Attorneys for Intervenor-Defendants
National Parks Conservation Association,
The Wilderness Society, Grand Canyon
Trust, Great Old Broads for Wilderness,
Western Watersheds Project, WildEarth
Guardians, Sierra Club, and Center for
Biological Diversity*

Stephen H.M. Bloch, Utah Bar #7813
Southern Utah Wilderness Alliance
425 East 100 South
Salt Lake City, UT 84111
Tel.: (801) 486-3161
steve@suwa.org

*Attorney for Intervenor-Defendants
Southern Utah Wilderness Alliance and
Natural Resources Defense Council*

*Admitted pro hac vice*

(Additional counsel listed in signature
block)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GARFIELD COUNTY, UTAH, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| ZEBEDIAH GEORGE DALTON, *et al.*, | ) |
| | ) |
| Consolidated Pls., | ) |
| | ) |
| v. | ) |
| | ) |
| JOSEPH R. BIDEN, JR., *et al.*, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| HOPI TRIBE, *et al*., | ) |
| | ) |
| Intervenor-Defs., | ) |
| | ) |
| SOUTHERN UTAH WILDERNESS | ) |
| ALLIANCE, *et al.*, | ) |
| | ) |
| Intervenor-Defs. | ) |

**SUWA INTERVENORS' RESPONSE
TO MOVANT-INTERVENORS'
OBJECTIONS**

Lead Case No. 4:22-cv-00059-DN-PK
Member Case No. 4:22-cv-00060-DN-PK

District Judge David Nuffer
Magistrate Judge Paul Kohler

In its Order of April 11, 2023,[1] the Court directed SUWA Intervenors to respond to Movant-Intervenors' objections[2] to Magistrate Judge Kohler's Memorandum Decision and Order on Proposed Intervenors' Motion to Intervene.[3] In particular, the Court ordered SUWA Intervenors to address whether they "were considered 'existing parties' under Fed. R. Civ. P. 24(a)(2) at the time Judge Kohler issued his Memorandum Decision and Order."[4]

  1. SUWA Intervenors respectfully submit that the answer to the Court's question is no. When Judge Kohler issued his Memorandum Decision and Order, SUWA Intervenors were movant-intervenors, not "existing parties" to the litigation.[5] Only *after* Judge Kohler issued his order and granted SUWA Intervenors party status did SUWA Intervenors become "parties" to the litigation.[6]

  But the moment when Judge Kohler issued his order is not the relevant point in time for determining whether "existing parties adequately represent" movant-intervenors' interests for purposes of Federal Rule 24(a).[7] Instead, what matters is that SUWA Intervenors were not "existing parties" at the time when Movant-Intervenors *filed their motions to intervene*. That moment—not the moment when the motions happened to be *decided*—is the relevant timeframe

---

[1] Docket No. 152.

[2] Docket Nos. 145, 146, and 148.

[3] Docket No. 122.

[4] Docket No. 152.

[5] *See* SUWA Intervenors' Reply Supp. Mot. Interv. 6–7, Docket No. 79.

[6] *See generally U.S. ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933 (2009) ("[I]ntervention is the requisite method for a *nonparty* to *become* a party to a lawsuit." (emphasis added)).

[7] Fed. R. Civ. P. 24(a)(2).

for evaluating adequacy of representation. This is why, for example, when the Tenth Circuit considered multiple simultaneously pending motions to intervene in *NRDC v. U.S. Nuclear Regulatory Commission*, it evaluated whether the *existing* parties would adequately represent the movants—not whether the movants, if granted party status, might adequately represent *one another*.[8] Numerous other courts have done the same thing.[9]

There are good reasons not to consider movant-intervenors or later-added intervenors to be "existing parties" when making an adequacy determination, and to focus instead on the parties in the lawsuit at the time the intervention motion is filed.

First, doing so maintains consistency with a neighboring provision of Rule 24(a): the timeliness prong,[10] which requires courts to consider the facts as of the date when an intervention

---

[8] *See* 578 F.2d 1341, 1345–46 (10th Cir. 1978).

[9] *See, e.g.*, *Bolden v. Penn. State Police*, 578 F.2d 912, 921–22 (3d Cir. 1978) (requiring district court to consider "whether the *existing* parties would not adequately represented the members of that class *at the time the petition to intervene was filed*." (emphases added)); *NextEra Energy Cap. Holdings, Inc. v. D'Andrea*, No. 20-50168, 2022 WL 17492273, at *4–5 (5th Cir. Dec. 7, 2022) (unpublished) (concluding that multiple movant-intervenors each had a right to intervene because existing parties would not adequately represent their interests, and not comparing movant-intervenors to one another); Order at 4, Docket No. 15, *Conserve Sw. Utah v. U.S. Dep't of Interior*, No. 1:21-cv-01506-ABJ (D.D.C. July 27, 2021) (granting multiple movant-intervenors' motions without comparing them to one another for adequacy purposes); Order at 4, Docket No. 29, *SUWA v. U.S. Bureau of Land Mgmt.*, No. 2:21-cv-00091-DAK-JCB (D. Utah June 21, 2021) (unpublished) (same); Orders, Docket Nos. 46 and 51, *SUWA v. Kenczka*, No. 2:12-cv-00913-DN (D. Utah Oct. 2, 2012) (unpublished) (same); *Dumont v. Lyon*, No. 17-cv-13080, 2018 WL 8807229, at *7 (E.D. Mich. Mar. 22, 2018) (unpublished) ("[A]t the time the joint motion to intervene was filed, the only comparator for purposes of analyzing the adequacy of representation was the State," not another movant-intervenor.).

[10] *See* Fed. R. Civ. P. 24(a) (requiring that a motion to intervene be "timely").

motion is filed, not when the motion is decided.[11] Timeliness and adequacy of representation are closely interrelated: the Tenth Circuit has instructed courts to "measure" timeliness from the date "when the movant was on notice that its interests may not be protected by a party already in the case" to the date when the motion is filed.[12] Given that timeliness is focused on the date of filing and depends in part on the possibility of inadequate representation by "parties *already* in the case,"[13] it makes sense that adequacy should be evaluated the same way.

Second, and relatedly, courts have sometimes cautioned against "premature" motions to intervene—that is, motions filed before the movant can make an informed showing of inadequate representation.[14] Treating the first-to-file movant as an existing party, and comparing other movant-intervenors against them, would perversely incentivize a race to the courthouse. This race increases the likelihood of premature motions, disincentivizes coordination between multiple potential intervenors, and risks "wast[ing] judicial resources."[15]

Third, it would be difficult and inefficient for a movant to brief adequacy of representation with respect to every other *potential* intervenor who seeks to intervene while the movant's motion is pending. Such a requirement would be logistically difficult to manage for

---

[11] *See Utah Ass'n of Cntys. v. Clinton*, 255 F.3d 1246, 1251 (10th Cir. 2001) (evaluating timeliness based on "the length of time between the initiation of the proceedings and the *motion* to intervene" (emphasis added)).

[12] *Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.,* 619 F.3d 1223, 1232 (10th Cir. 2010).

[13] *Id*. (emphasis added).

[14] *John Doe No. 1 v. Glickman*, 256 F.3d 371, 376 (5th Cir. 2001) ("Courts should discourage premature intervention because it wastes judicial resources." (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1206 (5th Cir. 1994) (brackets omitted)).

[15] *Id*.

movants, existing parties, and courts alike, potentially requiring multiple rounds of briefing. And some movants may never become "parties" at all, rendering briefing about their representation speculative and superfluous.

**2.**     Even if the Court disagrees with the foregoing and holds that the relevant timeframe for the adequacy analysis is when an intervention motion is decided, and even assuming SUWA Intervenors could properly be considered "existing parties" at that moment, SUWA Intervenors may not adequately represent the Movant-Intervenors' interests. The Tenth Circuit has emphasized that "the possibility of divergence of interest need not be great,"[16] and there is certainly a possibility of divergence here.

As explained in the briefing submitted to Judge Kohler,[17] SUWA Intervenors are nonprofit advocacy organizations with missions focused on environmental conservation. SUWA Intervenors do not represent indigenous, paleontological, or archaeological advocacy groups, as Movant-Intervenors do. Moreover, SUWA Intervenors' motion to dismiss seeks dismissal of the complaints based only on their failure to state a claim for relief.[18] In contrast, Movant-Intervenors' various proposed answers assert several additional affirmative defenses, including lack of standing, ripeness, preclusion, statute of limitations, and laches.[19] SUWA Intervenors

---

[16] *U.S. Nuclear Regul. Comm'n*, 578 F.2d at 1346.

[17] *See* SUWA Intervenors' Reply Supp. Mot. Interv. 7–8, Docket No. 79; UDB Intervenors' Reply Supp. Mot. Interv. 8–9, Docket No. 80; Archaeological Intervenors' Reply Supp. Mot. Interv. 5, Docket No. 81; GSEP Intervenors' Reply Supp. Mot.  Interv. 8, Docket No. 82.

[18] SUWA Intervenors' Mot. to Dismiss, Docket No. 141.

[19] *See* GSEP Intervenors' Proposed Answer 18, Docket No. 31, ex. 6; UDB Intervenors' Proposed Answer 18, Docket No. 33, ex. E; GSEP Intervenors' Proposed Answer 15, Docket No. 42, ex. 6; UDB Intervenors' Proposed Answer 15, Docket No. 43, ex. E; Archaeological Intervenors' Proposed Answer 37–38, Docket No. 36-2, ex. 17.

have not asserted, and do not presently intend to assert, those affirmative defenses—and thus, it is unquestionably "possib[le]"[20] that SUWA Intervenors will not represent Movant-Intervenors' interests in pressing those defenses. Similarly, Archaeological Intervenors have stated that they "may mount a factual defense" to Plaintiffs' claims, marshalling their expertise in "professional archaeology,"[21] which SUWA Intervenors do not share. Again, it is at least "possib[le]"[22] that SUWA Intervenors will not adequately represent the Archaeological Intervenors' specialized interests. Given these facts, "there is good reason" to conclude that "the applicant[s] [are] the best judge of the representation of [their] own interests and to be liberal in finding that one who is willing to bear the cost of separate representation may not be adequately represented by the existing parties."[23]

It is not unusual to have multiple intervenors involved in litigation over federal public lands that hold significance for many different stakeholders.[24] The Tenth Circuit has "historically

---

[20] *U.S. Nuclear Regul. Comm'n*, 578 F.2d at 1346 (finding that existing parties may not adequately represent movant-intervenors because, inter alia, existing intervenor "has a defense of laches that is not available to" movant-intervenors).

[21] Archaeological Intervenors' Obj. 6–7, Docket No. 148.

[22] *U.S. Nuclear Regul. Comm'n,* 578 F.2d at 1346; *see also Utah Ass'n of Cntys.*, 255 F.3d at 1255 ("[T]he showing is met when the applicant for intervention has expertise the [existing party] may not have.").

[23] Charles A. Wright & Arthur R. Miller, 7C Fed. Prac. & Proc. Civ. § 1909 (3d ed. updated Apr. 2023).

[24] *See, e.g., SUWA v. Burke*, 981 F. Supp. 2d 1099, 1101–02 (D. Utah 2013) (fourteen defendant-intervenors represented by six sets of counsel); *SUWA v. U.S. Dep't of Interior*, No. 2:06-cv-00342-DAK, 2007 WL 2220525, at *1 (D. Utah July 30, 2007) (unpublished) (seven industry intervenors represented by three sets of counsel); *Hopi Tribe v. Trump*, No. 17-cv-02590-TSC, 2019 WL 2494159, at *3 (D.D.C. Jan. 11, 2019) (unpublished) (granting intervention motions of three separately represented groups: sport-hunting and grazing proponents, San Juan County. and the State of Utah); *The Wilderness Soc'y v. Trump*, No. 17-cv-02587-TSC, 2019 WL 11556600,

taken a liberal approach to intervention and thus favors the granting of motions to intervene."[25]

That is no less true—and perhaps particularly so—in cases raising issues of "significant public

interest[],"[26] as these cases do.

      Respectfully submitted this 25th day of April, 2023,

/s/ Thomas Delehanty

Heidi McIntosh, Utah State Bar #6277
Thomas R. Delehanty, CO Bar #51887 *(admitted pro hac vice)*
Earthjustice
633 17th Street, Suite 1600
Denver, CO 80202
Tel.: (303) 623-9466
hmcintosh@earthjustice.org
tdelehanty@earthjustice.org

*Attorneys for Intervenor-Defendants National Parks Conservation Association, The Wilderness Society, Grand Canyon Trust, Great Old Broads for Wilderness, Western Watersheds Project, WildEarth Guardians, Sierra Club, and Center for Biological Diversity*

/s/ Michelle White

Michelle White, Utah State Bar #16,985
Southern Utah Wilderness Alliance
425 East 100 South
Salt Lake City, UT 84111
Tel.: (801) 486-3161
michellew@suwa.org

*Attorney for Intervenor-Defendant Southern Utah Wilderness Alliance*

---

at *3 (D.D.C. Jan. 11, 2019) (unpublished) (granting intervention motions of three separately represented groups: agricultural trade groups, Kane and Garfield Counties, and the State of Utah).

[25] *Kane County v. United States*, 928 F.3d 877, 890 (10th Cir. 2019) (citation omitted).

[26] *Id.* at 896 (quoting *San Juan County v. United States*, 503 F.3d 1163, 1201 (10th Cir. 2007) (en banc)); *see also Utah Ass'n of Cntys.*, 255 F.3d at 1251–52 (citation omitted).

*/s/ Stephen H.M. Bloch*
Stephen H.M. Bloch, Utah State Bar #7813
Southern Utah Wilderness Alliance
425 East 100 South
Salt Lake City, UT 84111
Tel.: (801) 486-3161
steve@suwa.org

*Attorney for Intervenor-Defendants Southern Utah Wilderness Alliance and Natural Resources Defense Council*

*/s/ Katherine Desormeau*
Katherine Desormeau, CA Bar #266463 *(admitted pro hac vice)*
Natural Resources Defense Council
111 Sutter Street, 21st Floor
San Francisco, CA 94104
Tel.: (415) 875-6100
kdesormeau@nrdc.org

Sharon Buccino, DC Bar #432073 *(admitted pro hac vice)*
Charles Corbett, DC Bar #1767101 *(admitted pro hac vice)*
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, DC 20005
Tel.: (202) 289-6868
sbuccino@nrdc.org
ccorbett@nrdc.org

*Attorneys for Intervenor-Defendant Natural Resources Defense Council*

**CERTIFICATE OF COMPLIANCE**

This response brief complies with the page limitation specified in this Court's Order of

April 11, 2023 (Docket No. 152), because it does not exceed ten pages.


April 25, 2023                                    */s/ Thomas Delehanty*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2023, I caused the foregoing document to be filed with the Clerk of the Court using the Court's CM/ECF system, and service was thereby effected electronically to all counsel of record.

April 25, 2023                                  _/s/ Thomas Delehanty_____

Filename:           SUWA Intervenors' Resp. to MTI Objection FINAL 4.25
Directory:          C:\Users\egreer\OneDrive - Earthjustice\Documents 1
Template:
                    C:\Users\egreer\AppData\Roaming\Microsoft\Templates\Normal.d
      otm
Title:
Subject:
Author:             Diana Ramirez
Keywords:
Comments:
Creation Date:      4/25/2023 3:51:00 PM
Change Number:      2
Last Saved On:      4/25/2023 3:51:00 PM
Last Saved By:      Tom Delehanty
Total Editing Time:  9 Minutes
Last Printed On:    4/25/2023 4:02:00 PM
As of Last Complete Printing
      Number of Pages: 10
      Number of Words:       2,832 (approx.)
      Number of Characters:   16,143 (approx.)