IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GARFIELD COUNTY, UTAH, a Utah political subdivision; KANE COUNTY, UTAH, a Utah political subdivision; and THE STATE OF UTAH, by and through its Governor, SPENCER J. COX, and its Attorney General, SEAN D. REYES;<br><br>Plaintiffs,<br><br>ZEBEDIAH GEORGE DALTON; BLUERIBBON COALITION; KYLE KIMMERLE; and SUZETTE RANEA MORRIS;<br>Consolidated Plas,<br><br>v.<br><br>JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, et al.,<br><br>Defendants,<br><br>HOPI TRIBE, NAVAJO NATION, PUEBLO OF ZUNI, and UTE MOUNTAIN UTE TRIBE;<br><br>Intervenor-Dfts. | Case No. 4:22-cv-00059-DN-PK (lead case)<br>Case No. 4:22-cv-00060-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

**SUPPLEMENTAL DECLARATION OF ADE K. NELSON**

I, Ade K. Nelson, in accordance with 28 U.S.C. § 1746, declare as follows:

    1.    I am the Grand Staircase-Escalante National Monument Manager for the Bureau of Land Management (BLM), an agency of the Department of the Interior. I have been in the position of Monument Manager since April 17, 2022. I have been with the BLM since 2020.

1

2. As the Grand Staircase-Escalante National Monument Manager, I am responsible for directing employees assigned to the monument and coordinating with many other professional staff in the management of approximately 1.87 million acres of federal public land and associated resources within Grand Staircase-Escalante National Monument (GSENM or Monument) in the State of Utah. I work collaboratively with many interested parties, including state and local governments, as well as other federal agencies, tribal governments, and the GSENM Advisory Committee to address many complex resource management issues.

3. I have reviewed the Plaintiffs' amended complaints concerning Proclamations 10,285 and 10,286 and pertinent agency documents. I have also reviewed the Plaintiffs' opposition to the Federal Defendants' Motion to Dismiss.

4. The purpose of this Supplemental Declaration is to provide the Court with additional information in support of the Federal Defendants' Motion to Dismiss. The facts set forth in this Declaration are based upon my personal knowledge and records kept in the ordinary course of the BLM's business.

5. To my knowledge, the BLM has not received, nor has it denied, any applications or requests from Kane or Garfield counties to obtain mineral materials from materials pits within the boundaries of GSENM since Proclamation 10,286 issued on October 8, 2021. Additionally, the BLM has not closed any operational mineral materials pits within the boundaries of GSENM as a result of Proclamation 10,286.

6. During the Trump Administration, the on-the-ground rules concerning motorized vehicle use in the area around the Paria River were not relaxed, and members of the public were not authorized or permitted to ride motorized vehicles in a 90-foot corridor used as a right-of-way in the Paria Canyon. From 2017 to 2021, the BLM did not issue any new authorizations,

including rights-of-ways, to use motorized vehicles in Paria Canyon. The Paria Canyon area remained closed to motorized vehicle use, even after Proclamation 9,682 removed the Paria River corridor from GSENM, creating a 90-foot corridor that divided the former Grand Staircase and Kaiparowits Units of the reduced Monument.

7. Even though the 90-foot Paria River corridor was excluded from GSENM by Proclamation 9,682, the area remained within the Paria Hackberry Wilderness Study Area ("WSA"). Under section 603(c) of the Federal Land Policy and Management Act, 43 U.S.C. § 1782(c), the BLM is required to manage the Paria Hackberry WSA in a manner so as not to impair its suitability for preservation as wilderness. This obligation generally prevents the BLM from authorizing motorized vehicle use in the Paria River corridor.

Executed this 5th day of May 2023, in Kanab, Utah.

_____

Ade K. Nelson

Grand Staircase-Escalante National Monument Manager