THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| GARFIELD COUNTY, UTAH, a Utah political subdivision; KANE COUNTY, UTAH, a Utah political subdivision; THE STATE OF UTAH, by and through its Governor, SPENCER J. COX, and its Attorney General, SEAN D. REYES;<br>    *Plaintiffs*,<br><br>ZEBEDIAH GEORGE DALTON; BLUERIBBON COALITION; KYLE KIMMERLE; and SUZETTE RANEA MORRIS;<br>    *Consolidated Plaintiffs*,<br><br>v.<br><br>JOSEPH R. BIDEN, JR. in his official capacity as President of the United States; et al.;<br>    *Defendants*,<br><br>HOPI TRIBE, NAVAJO NATION, PUEBLO OF ZUNI, and UTE MOUNTAIN UTE TRIBE;<br>    *Intervenor-Defendants,*<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE, CENTER FOR BIOLOGICAL DIVERSITY, GRAND CANYON TRUST, GREAT OLD BROADS FOR WILDERNESS, NATIONAL PARKS CONSERVATION ASSOCIATION, NATURAL RESOURCES DEFENSE COUNCIL, SIERRA CLUB, THE WILDERNESS SOCIETY, WESTERN WATERSHEDS PROJECT, and WILDEARTH GUARDIANS.<br>    *Intervenor-Defendants*. | **MEMORANDUM DECISION AND ORDER**<br><br>**STAYING DECISION ON**<br>• **UDB INTERVENORS' OBJECTION, docket no. 145;**<br>• **GSEP INTERVRNORS' OBJECTION, docket no. 146;**<br>• **ARCHAEOLOGICAL INTERVENORS' OBJECTION, docket no. 148; and**<br>• **PLAINTIFFS' OBJECTION, docket no. 147**<br><br>Case No. 4:22-cv-00059-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

## BACKGROUND

Southern Utah Wilderness Alliance et al.[1] ("SUWA Intervenors"), Utah Diné Bikéyah et al.[2] ("UDB Intervenors"), Grand Staircase Escalante Partners et al. ("GSEP Intervenors"),[3] and American Anthropological Association et al. ("Archaeological Intervenors")[4] filed separate motions to intervene.[5] Judge Kohler denied the latter three, allowing intervention only for SUWA Intervenors.[6]

Plaintiffs, UDB Intervenors, GSEP Intervenors, and Archaeological Intervenors filed separate objections to Judge Kohler's order.[7] Plaintiffs objected to allowance of intervention for SUWA Intervenors, while UDB Intervenors, GSEP Intervenors, and Archaeological Intervenors objected to denial of their motions to intervene. Plaintiffs, Defendants, and SUWA Intervenors

---

[1] Southern Utah Wilderness Alliance, Center for Biological Diversity, Grant Canyon Trust, Great Old Broads for Wilderness, National Parks Conservation Association, Natural Resources Defense Council, Sierra Club, the Wilderness Society, Western Watersheds Project, and WildEarth Guardians.

[2] Utah Diné Bikéyah, Friends of Cedar Mesa, the Society of Vertebrate Paleontology, Archaeology Southwest, Conservation Lands Foundation, Inc., Patagonia Works, The Access Fund, and the National Trust for Historic Preservation in the United States.

[3] Grand Staircase Escalante Partners, Society of Vertebrate Paleontology, and Conservation Lands Foundation.

[4] American Anthropological Association, Archaeological Institute of America, and Society for American Archaeology

[5] Motion to Intervene and Memorandum in Support, docket no. 40, filed Nov. 30, 2022; Rule 24 Motion of Grand Staircase Escalante Partners, Society of Vertebrate Paleontology, and Conservation Lands Foundation to Intervene as Defendants, docket no. 42, filed Nov. 30, 2022; Motion to Intervene Under Rule 24 And Memorandum of Law in Support of Utah Diné Bikéyah, Friends of Cedar Mesa, The Society of Vertebrate Paleontology Archaeology Southwest, Conservation Lands Foundations, Inc., The Access Fund, and the National Trust for Historic Preservation in the United States, docket no. 43, filed Nov. 30, 2022; Motion to Intervene as Defendants and Memorandum in Support, docket no. 44, filed Nov. 30, 2022.

[6] Memorandum Decision and Order on Proposed Intervenors' Motion to Intervene, docket no. 122, filed Mar. 17, 2023.

[7] UDB Proposed Intervenors' Objections to Order Denying Motions for Interventions Pursuant to Fed. R. Civ. Pro. 72, docket no. 145, filed Mar. 31, 2023; GSEP Intervenors' Objection to Magistrate Judge's Order Pursuant to Fed. R. Civ. Pro. 72, docket no. 146, filed Mar. 31, 2023; Plaintiffs' Objections to Magistrate Judge Kohler's Order Granting Proposed SUWA Intervenors' Motion to Intervene, docket no. 147, filed Mar. 31, 2023; Archaeological Proposed Intervenors' Objection to Order Denying Motions to Intervene Pursuant to Fed. R. Civ. Pro. 72, docket no. 148, filed Mar. 31, 2023.

filed separate responses.[8] GSEP Intervenors and Archaeological Intervenors filed separate replies.[9]

Prior to the objections, Defendants and Tribal Nations Intervenors filed separate motions to dismiss under Fed. R. Civ. P. 12(b).[10] When SUWA Intervenors joined the case, they filed a motion to dismiss, adopting sections from Defendants' and Tribal Nations Intervenors' briefing.[11] SUWA Intervenors did not make any unique arguments in their motion to dismiss.[12]

Consolidated Plaintiffs filed a motion for summary judgment soon after Defendants' and Tribal Nations Intervenors' separate motions to dismiss.[13] The motion for summary judgment has been stayed until ruling on the motions to dismiss.[14] "Staying briefing on the motion for summary judgment promotes an orderly resolution of the case and avoids significant (and potentially unnecessary) burdens on the court."[15]

For the reasons stated below, decisions on the proposed intervenors' objections to Judge Kohler's orders denying their intervention are stayed until decision on the motions to dismiss.

---

[8] Plaintiffs' Response to Archaeological Movants', GSEP Movants', and UDB Movants' Objections to Magistrate Judge Kohler's Order Denying Motions to Intervene, docket no. 155, filed April 14, 2023; SUWA Intervenors' Response to movant-Intervenors' Objections, docket no. 162, filed May 1, 2023; Defendants' Combined Response to Objections to Intervene Decision, docket no. 168, filed May 5, 2023.

[9] GSEP Intervenors' Reply in Support of Objection to Magistrate Judge's Order, docket no. 173, filed June 27, 2023; Archaeological Intervenors' Reply in Support of Objection to Order Denying Motions to Intervene Pursuant to Fed. R. Civ. Pro. 72, docket no. 174, filed June 27, 2023.

[10] Defendants' Motion to Dismiss Amended Complaints, docket no. 113, filed Mar. 2, 2023; Hopi Tribe, Navajo Nation, Pueblo of Zuni, and Ute Mountain Ute Tribe Motion to Dismiss, docket no. 114, filed Mar. 2, 2023.

[11] SUWA Intervenors' Motion to Dismiss Amended Complaints and Memorandum in Support, docket no. 141, filed Mar. 30, 2023.

[12] *Id*. at 2.

[13] Individual Plaintiffs' Motion for Summary Judgment, docket no. 117, filed Mar. 9, 2023.

[14] Memorandum Decision and Order Granting Defendants' Motion to Stay, Intervenor-Defendants Tribal Nations' Motion to Stay, and SUWA Intervenor-Defendants' Motion to Stay, docket no. 149, entered April 4, 2023.

[15] *Id*. at 2.

Decision on Plaintiffs' objection to intervention by SUWA Intervenors is also stayed and SUWA Intervenors will not participate further in the motion to dismiss.

## DISCUSSION

UDB Intervenors, GSEP Intervenors, and Archaeological Intervenors argue in their separate objections that SUWA Intervenors are not well equipped to adequately address the other three intervenors' legal concerns in this case. Each of these three intervenor groups appear to possess unique, detailed, helpful factual knowledge in their separate fields. Their perspectives and evidentiary contributions may be required if this case continues past the threshold legal issues raised in the motions to dismiss. At this stage, the participation of any of these four intervenors is not needed. Defendants' and Intervenor-Defendants Tribal Nations' motions to dismiss raise legal issues, not factual issues. The only information needed is in Defendants' and Tribal Nations' motions. Deferring final decision on these parties' intervention promotes an orderly resolution of the case and avoids significant (and potentially unnecessary) burdens on the court.

When the ruling on the motions to dismiss has been entered, the court will address the pending objections.

## ORDER

Decision on Plaintiffs', UDB Intervenors', GSEP Intervenors', and Archaeological Intervenors' objections[16] to Judge Kohler's intervention order[17] is stayed.

Signed July 7, 2023.

BY THE COURT

David Nuffer
United States District Judge

---

[16] UDB Proposed Intervenors' Objections to Order Denying Motions for Interventions Pursuant to Fed. R. Civ. Pro. 72, docket no. 145, filed Mar. 31, 2023; GSEP Intervenors' Objection to Magistrate Judge's Order Pursuant to Fed. R. Civ. Pro. 72, docket no. 146, filed Mar. 31, 2023; Plaintiffs' Objections to Magistrate Judge Kohler's Order Granting Proposed SUWA Intervenors' Motion to Intervene, docket no. 147, filed Mar. 31, 2023; Archaeological Proposed Intervenors' Objection to Order Denying Motions to Intervene Pursuant to Fed. R. Civ. Pro. 72, docket no. 148, filed Mar. 31, 2023.

[17] Memorandum Decision and Order on Proposed Intervenors' Motion to Intervene, docket no. 122, filed Mar. 17, 2023.